## PEOPLE EX REL. v. DOLAN.

STATUTORY CONSTRUCTION—PENAL STATUTE—SCHOOL DISTRICT TREASURER—FAILURE TO PAY MONEYS TO SUCCESSOR.

1. Penal statutes are to be strictly construed.

2. A statutory liability in derogation of the common law cannot be enlarged by construction.

3. General words, in a statute, following particular and specific words, are, generally, to be confined to things of the same kind.

4. In arriving at the legislative intent, the court must consider the context, other sections of the act in pari materia, and apply the usual and well-known rules of construction of words, or terms employed.

5. In section 3977, Revised Statutes, the words "other moneys" mean other moneys of similar or like character as fines or forfeitures.

6. Said section imposing a double liability upon any officer or person collecting or receiving "fines, forfeitures or other moneys," and refusing and failing to pay over the same as required by law, is confined to those officials or persons who are holding fines, penalties or forfeitures temporarily, whose duty it is merely to collect, not to hold or retain as the regular custodian thereof. It does not apply to a school district treasurer to whom such moneys may have been paid by the collecting officer.

[Decided March 19, 1895. Amended petition filed in District Court, July 27, 1891.]

ERROR to the District Court for Laramie County. HON. RICHARD H. SCOTT, Judge.

Suit on the relation and for the use of School District No. 3 in the county of Laramie, against William Dolan, former treasurer of the district, for the recovery of double the amount of the money alleged to have been in his hands and not paid over to his successor. The petition alleged the corporate character of the district, the election and qualification of defendant as a trustee of said district, and also of his successor, and that defendant had $857.08 in his hands of school moneys belonging to the district which he failed and refused to pay over to it; and that thereby he became indebted to the district in the sum of $1,714.16 with interest, according to the provisions of sections 3976 and 3977 of chapter 6, title 45, of the Revised Statutes. The case was submitted to the district court upon an agreed statement of facts, which appears substantially stated in the opinion. Judgment was rendered in favor of defendant, and plaintiff brought error.

*W. R. Stoll,* for plaintiff in error.

The reputed solvency of the bank, and its subsequent failure with the funds of the district on deposit therein cannot excuse Dolan for failing to pay them over. (R. S., secs. 3939, 3941, 3945, 3948, 3959-63, 3968.) Dolan was an insurer of the funds. (Murfree on Off. Bonds, secs. 197, 198, 199, 200 and

cases cited; Farrar v. U. S., 5 Pet., 373; Muzzy v. Shattuck, 1 Denio, 233; U. S. v. Prescott, 3 How., 578; Com. v. Comly, 3 Pa. St., 372; State v. Harper, 6 O. St., 607; Thompson v. Trustees, 30 Ill., 101; U. S. v. Dashiel, 4 Wall., 182; Inhabitants v. McEachron, 33 N. J. L., 339; U. S. v. Keehler, 9 Wall., 93; Boyden v. U. S., 13 Wall., 17; Bevans v. U. S., id., 63; U. S. v. Thomas, 15 id., 337; Twp. v. Morton, 37 Ia., 550; U. S. v. Watts, 1 N. M., 562; Twp. v. Smith, 39 Ia., 9; Com. v. Lineberger, 3 Mont., 231; Ward v. Sch. Dist., 10 Neb., 293; State v. Moore, 74 Mo., 413; State v. Nevin, 19 Nev., 162; Wilson v. Wichita Co., 67 Tex., 647; Gilbert v. Board, 45 Kan., 31; Board v. Jewell, 44 Minn., 427.) The words "other moneys" are not confined in their application to such moneys as have been derived from fines or forfeitures.

*A. C. Campbell* and *R. W. Breckons*, for defendant in error.

Section 3977 has no application to money coming into the hands of the treasurer, other than fines, penalties and forfeitures. (Sutherland Stat. Const., sec. 268.) The treasurer acted in good faith. He did all in his power to keep the money safely. He should not be punished because of the failure of the bank, by a judgment in the nature of a forfeiture. Even if the treasurer should be held to be an insurer of the funds in his hands, they cannot be recovered in this form of action. This is not an action on his official bond. At common law, a public officer was regarded as a depositary or bailee for hire, and not as a debtor for the amount collected. Muzzy v. Shattuck, 1 Denio., 236; U. S. v. Thomas, 15 Wall., 337; York Co., 1 S. C., 15. In the absence of a statute enlarging the common law liability the defendant cannot be held liable even in a proper action. Sch. Dist. v. Zink, 25 Wis., 636. No such statute exists here with reference to a school district treasurer. The giving of the order by Dolan to his successor relieved the former from all liability. It was an assignment of the particular fund. (Bisp. Prin. Eq., p. 200; Pom. Eq. Jur., secs. 169, 1280, 1281.) It matters not that the bank did not accept the order. (Gardner v. Bank, 39 O. St., 600;

Wheatly v. Strobe, 12 Cal., 92; Walling v. Miller, 15 id., 40; Pope v. Huth, 14 id., 408.

POTTER, JUSTICE.

The defendant was treasurer of school district No. 3 in the county of Laramie and State of Wyoming. On the 8th day of October, 1891, one Dunstan was elected treasurer of such district to succeed the defendant, and filed his bond as such officer on the 3rd day of November, 1891, which was approved by the county commissioners on the same day. The newly elected treasurer on said day also took the oath of office. On the 8th day of October the defendant had in his possession school money belonging to said school district amounting to the sum of $857.08 and continued to have said sum of money in his possession as treasurer up to and including the 6th day of November, 1891. On this last named date Dunstan, the newly elected treasurer, having qualified as such, demanded of the defendant all moneys, papers, warrants and all property which he had and held as such treasurer, and thereupon the defendant gave to Dunstan a written order upon "Mr. G. L. Beard, Cheyenne National Bank," requesting that the money belonging to said school district be passed to his successor, William Dunstan; and at that time the latter gave to defendant a receipt showing that he had received from him one thousand nine hundred and ten dollars fifty-nine cents in school warrants. These writings are set out in full in the agreed statement of facts upon which the case was submitted to the district court. These were all the papers passing between defendant and his successor on that day. The warrants shown in the above mentioned receipt were warrants which had been paid by defendant to divers parties, and were held by him as vouchers.

The defendant during all the time he was treasurer of said district kept and deposited for safe keeping in the Cheyenne National Bank all the money which came to his hand as such treasurer, which was kept in said bank as deposited in the name of "William Dolan, Treasurer" of said school district, and to the credit of said district. G. L. Beard was cashier of

said bank. On November 7th, Dunstan transmitted by mail to said cashier the order he had obtained, which was received by said Beard on November 9th. The letter of transmittal requested that the money of said school district be placed to the credit of Dunstan. The cashier on the same day that he received the order enclosed it in a letter to defendant together with a blank check, and requested him to sign the enclosed check and hand same to Dunstan, with instructions to forward same to said cashier, stating in the letter "upon the receipt of same will credit the amount to Mr. Dunstan as treasurer of school district No. 3." Beard on the same day also notified Dunstan by letter of his actions in the premises and stated therein, "When Mr. Dolan hands you this check please send it to me and I will credit your account as treasurer and send you a bank book and check book." Defendant being absent from home and not returning until November 12th did not receive the cashier's letter until that time, and then he signed said check and sent the same by mail to the cashier. On November 13th, 1891, the Cheyenne National Bank suspended and closed its doors.

On that day there was a deposit in said bank to the credit of said district the said sum of $857.08, and the same was never received by Dunstan as treasurer. Defendant resided on a ranch 38 miles from Cheyenne and had no safe or convenient place to keep the money, and the bank was provided with fire and burglar proof safes. Dunstan resided 41 miles from Cheyenne. He had no knowledge that the money was not passed to his credit at the bank until November 12th, as he was also absent from home. A receiver was duly appointed for the bank; no claim has been presented to the receiver by any person as required in the case of claims against a National bank in the hands of a receiver. A dividend of twenty-five per cent. has already been paid upon all duly presented claims, and there is in the hands of the receiver the sum of $214.27 to the credit of the owner of said deposit, and an additional dividend will also be paid.

The above facts appear from the agreed statement, and are

all that are necessary to refer to. Some of those stated are not of importance in disposing of the questions involved.

The agreed statement of facts took the place of evidence, the issues being formed by pleadings as in other cases, and the whole case was submitted to the trial court, upon the pleadings and agreed statement. The district court found for the defendant and rendered judgment in his favor. The case comes to this court on error.

It is claimed that the court erred in its finding and judgment; and also in overruling certain demurrers filed to second and third defenses contained in the answer. It will not be necessary to review the action of the court in respect to the demurrers.

This is not an action upon the bond of defendant given as treasurer of the school district, and it is not pretended that it is; no mention of a bond appears in either the pleadings or agreed statement, unless it can be inferred that he gave a bond by the allegation that he duly qualified as treasurer; but any liability thereunder is not sought to be enforced in this action.

Neither is it an action brought against the defendant as for money had and received, or to recover the money belonging to the school district and claimed to remain in his hands and for which he is liable, as in an ordinary action to enforce such liability. Such an action must be brought in the name of the school district. The language of the petition also rebuts the idea that it is brought to recover any alleged general balance in the hands of the defendant which he is bound to respond for.

It is clearly and distinctly an action to enforce and recover a penalty or forfeiture which it is alleged and contended arises under section 3977 of the Revised Statutes of 1887; and is found in the title respecting schools, and was originally incorporated in the school laws of 1873. It is brought in the name of the people for the use of the district as such an action is authorized to be brought by the provisions of section 3976.

The prayer of the petition is for judgment for the sum of $1,714.16, that being double the amount alleged to be in his hands, with interest thereon at the rate of five per cent. per

month. That the same be decreed to belong to school district No. 3, and that William Dunstan as treasurer of said district be decreed to receive the same for said district.

Section 3977, under which the liability is claimed to arise, reads as follows:

"Any officer or person collecting or receiving any fines, forfeitures or other moneys and refusing and failing to pay over the same as required by law, shall forfeit double the amount so withheld, and interest thereon at the rate of five per cent. per month during the time of so withholding the same."

The next preceding section (3976) is as follows:

"All fines, penalties and forfeitures provided by this title may be recovered by action in the name of the people of the Territory (State) of Wyoming for the use of the proper school district or county, and when they accrue, belong to the respective districts or counties in which they may have accrued; and the treasurer for their districts, and the county commissioners of their counties are hereby authorized to receive and apply the proceeds of such forfeitures as the interest of the permanent fund is now or may hereafter be applied."

We are not to determine in the first instance whether the defendant has any money belonging to the district for which he is liable to account, or whether he is generally liable to pay to the district the money which was in the bank at the time of its suspension, but whether he is liable in this form of action or indeed any other form of action for a penalty or forfeiture for the refusal or failure to pay over any such moneys as are alleged by the petition to have been in his hands, and as are disclosed by the agreed statement to have been school district moneys, and were at one time at least in his hands and under his control.

Such liability, if any, arises under section 3977, no other provision of law imposes it, and whether or not there is such a liability depends for its determination upon the effect and meaning of that section. The penalty imposed thereby accrues when any officer or person collecting or receiving any fines, forfeitures or other moneys, refuses and fails to pay over the same as required by law.

It is not alleged in the petition, neither does it appear from the agreed statement or any other place in the record, that any part of the money claimed to be in defendant's hands as treasurer or late treasurer, were fines or forfeitures or ever received from such sources. If he would be liable at all, therefore, it must be for the reason that he has collected or received "other moneys" within the purview, effect and scope of that section of the statute which he has failed and refused to pay over as required by law.

We are logically, therefore, led into the inquiry as to the effect and meaning of the words "other moneys" in the connection in which they are used.

Various considerations assist in arriving at a just and proper construction of those words. In the first place the section under discussion is a penal statute. It imposes a very severe penalty upon the person coming within its provisions. It must therefore be construed strictly. This is a rule of universal application. "No case shall be held to fall within it which does not fall both within the reasonable meaning of its terms and within the spirit and scope of its enactment." Endlich on Interpretation of Statutes, Chap. 72; Dudley v. W. U. Tel. Co., 54 Mo. App., 391. A statutory liability created in derogation of the common law cannot be enlarged by construction. We cannot, in such case, go beyond the clearly expressed provisions of the act. City of Detroit v. Putnam, 45 Mich., 263.

Does this case fall within the reasonable meaning of the terms, and also within the spirit and scope of the enactment of the section before us? We will have occasion later on to refer to the spirit and scope of its enactment. The terms of the statute must first absorb our attention. Do the words "other moneys" mean any moneys received from whatever source? Do they mean any moneys which constitute a general balance in the hands of the officer, who happens to be the regular custodian of the funds of a school district or other public corporation and which he has failed to pay over to his successor? They are general words which taken alone might have reference to any moneys received from the most ordinary

of sources, but they are immediately preceded by particular words of enumeration, to wit: "fines, forfeitures."

We understand the general rule to be that where there are general words following particular and specific words, the former must be confined to things of the same kind. Sutherland on Stat. Const., sec. 268.

When a specific enumeration concludes with a general term it is held to be limited to things of the same kind. Sutherland, sec. 270. "It is restricted to the same genus as the things enumerated." A statute which gave to a board the right to remove an officer for specific causes "or other cause satisfactory to the board," the words "or other cause" were held to include only "other like causes." State v. McGarry, 21 Wis., 496; see also State v. Arnold, 55 Mo., 89; Livermore v. Freeholders of Camden, 5 Dutch, 245; Bailey v. Inhabitants, etc., 6 Cush., 141; City of St. Joseph v. Porter, 29 Mo. App., 605.

We are, it is true, to get at the intent of the legislature in enacting the statute, but that we must do by a consideration of the context, other sections or acts in pari materia, and by the application of the usual and well known rules of construction of words, or terms employed. Unless, therefore, the context forces a different construction, or other provisions exist affecting this matter which lead to such a result, we are inclined, and indeed we are bound to give to these words that construction which is required by the rules already referred to, and this it seems to us is more consonant with reason and justice. Our conclusion is that the words "other moneys" in this section mean other moneys of similar or like character, money which has been received from like sources, or having a like character attached to them.

In the case of United States v. Kirby, 7 Wall., 482, Justice Field uses the following language: "General terms should be so limited in their application as not to lead to injustice, oppression or an absurd consequence. It will always, therefore, be presumed that the legislature intended exceptions to its language which would avoid results of this character."

The section does not in its terms confine itself to school

officers; in that sense it is general in character. To give to it the construction contended for by counsel for plaintiff in error would have the effect of enlarging by double the amount the liability of every officer having public funds in his control which he has failed to pay to his successor, a liability which is not agreeable to the other provisions of law on that subject.

The district treasurer is required to give a bond in such sum as the county commissioners shall prescribe, but shall not exceed one and one-fourth times the amount handled in any one year. The legislature when enacting this section certainly did not have in contemplation the liability of the treasurer in double the amount. It may be said that such penalty is not subject to the bond and the legislature may well not have taken that into consideration; that may be, but had they intended such an extraordinary liability they could and would have made ample provision for it.

Our conclusion seems to be sustained also by a reference to other portions of the statute.

Section 3974 provides that every school district clerk or treasurer who shall neglect or refuse to deliver to their successors in office all records and books, belonging severally to their offices, shall be subject to a fine not exceeding five hundred dollars. Had it been within the intention of the legislature to impose a penalty such as is found in 3977 for the failure of treasurer to deliver to his successor any moneys of the district remaining in his hands it could easily have done so, and the absence of such a clear provision, when a penalty is imposed for failure to deliver records and books, furnishes a very strong presumption that it was not intended to add to the ordinary liability for failure to pay over money to a successor. The ordinary responsibilities of a public treasurer, especially in case of a school treasurer who serves without compensation, are already sufficiently burdensome without adding thereto by a forced construction of a statute which does not clearly authorize it.

Again, the next preceding section to 3977 makes provision for the recovery of fines, penalties and forfeitures, and designates the officers who shall receive and apply the same. Fol-

lowing such provisions and designation we find a section imposing a penalty for a failure of any officer receiving or collecting fines or forfeitures to pay the same over. This section is probably not confined to the fines and forfeitures recovered in actions brought under section 3976, it clearly is confined to officers or persons who have collected fines, forfeitures or penalties, and whose duty being to pay the same over has not done so. It applies to those officials or persons who are holding such fines, penalties or forfeitures temporarily, whose duty it is merely to collect not to hold and retain, not the regular custodian thereof. That seems to be the only reasonable meaning of the terms employed, and is, in our judgment, in accordance with the spirit and scope of the enactment.

We do not thereby entirely eliminate from the words "other moneys" any meaning; penalties are not specifically mentioned, but can well come under the designation of "other moneys." We conclude that the defendant is not liable to the penalty provided for by section 3977, for the reasons above set forth.

It is, therefore, unnecessary to consider or decide the other questions raised by the record and presented by counsel.

*Judgment affirmed.*

GROESBECK, C. J., and CONAWAY, J., concur.