COMPTON ET AL. v. THE CINCINNATI, LEBANON
& NORTHERN RY. CO.

*Railroads — Liability for fire — Originating on leased land — Rail-
road not liable, when — Section 8970, General Code.*

A railroad company, being the owner in fee of certain land, leased
    a portion of it for a term of twenty-five years. The lease, con-
    taining the usual clauses, also provided that the property was
    leased "for the purpose of erecting thereon a grain elevator,
    which is to be located as directed by the said Railroad Company;
    and said second parties are to have so much of said land above
    described as shall be necessary for the successful operation of
    their elevator." The evidence showed that the railroad com-
    pany had no control of the land so leased, especially that part
    where the fire started: *Held,* that the land so leased was not
    land "belonging to" the railroad company within the meaning
    of Section 8970, General Code, which imposes liability upon a
    railroad company for fires originating on land belonging to it,
    and caused by its operation.

(Decided December 12, 1919.)

ERROR: Court of Appeals for Butler county.

*Messrs. Andrews & Andrews,* for plaintiffs in
error.

*Messrs. Matthews & Matthews,* for defendant
in error.

BY THE COURT. Plaintiffs in error, who were
plaintiffs below, owned an elevator building and
some grain in railway cars on a siding near it. On
August 19, 1916, they were destroyed by fire.

Plaintiffs brought suit against the railroad, set-
ting forth three causes of action. The second
cause of action was abandoned by them at the trial.
The court instructed a verdict in favor of plaintiff
on the third cause of action, and no complaint is

made in respect to that. We are therefore concerned only with the first cause of action, wherein plaintiffs alleged that they were the owners of a grain elevator and certain grain; that a fire originated on the land of the railroad, caused by operating said railroad, by sparks emitted from one of the defendant's engines; and that said fire spread to plaintiff's land, destroying the property aforesaid. The answer denied that the fire originated on the land of the defendant, and, after making certain admissions, denied each and every allegation contained in the petition not specifically admitted.

Under Section 8970, General Code, two classes of actions are provided for. First, where the fire originated on the land belonging to the railroad and caused by its operation; second, where fires originated on lands adjacent to the railroad's lands, but caused by sparks from an engine passing over such railroad.

It will be seen that the petition is based upon the contention that the facts bring the case at bar within the first of the above two classes. The real issue at the trial was, Did the fire originate on land belonging to the railroad?

The proof shows that the railroad company was the owner of the fee in the land on which the elevator was located. In September, 1898, the property was leased to plaintiffs for twenty-five years, being described by metes and bounds. In addition to the usual clauses, the lease contains the following:

"Said property is leased by said party of the first part to said second parties for the purpose of erect-

ing thereon a grain elevator, which is to be located as directed by said Railroad Company; and said second parties are to have so much of said land above described as shall be necessary for the successful operation of their elevator."

It is urged by the plaintiffs that the last-named clause causes the lease to be something less than a grant of the title to the property therein described, and evidence was introduced to show that at times the railroad cut the weeds along the spur track on said land.

Under all the circumstances the court is of the opinion that the document in question was intended to be and must be regarded as a valid lease. The construction which the parties themselves put upon it shows that the railroad had no control of the land, surely not to that part where the fire started. We are of opinion that the land so leased to plaintiffs was not land "belonging to" the railroad company within the meaning of Section 8970 of the Code. The liability imposed by that section is by reason of the fact that the railroad, having complete control of its right of way, may readily keep it clear of combustible substances, which would cause imminent danger of fires, which others could not prevent and from which they could not protect themselves. *Baltimore & Ohio Railway Co.* v. *Kreager,* 61 Ohio St., 312, 328.

The land in question is occupied by and controlled by plaintiffs. It "belonged to" the plaintiffs and not to the railroad company within the meaning of the statute. See *Iroquois Co.* v. *Meyer,* 80 Ohio St., 676, 682; *Baltimore & Ohio Railroad Co.* v. *Walker,* 45 Ohio St., 577, 585; *Denver &*

*U. P. Rd. Co.* v. *Porter,* 126 Fed. Rep., 288, and *Theological Seminary* v. *Illinois,* 188 U. S., 662, 673.

As the property was not property "belonging to" the railroad company, plaintiffs' claim for relief by reason of the first portion of Section 8970 must fail.

The court submitted to the jury the right of parties by reason of the second portion of the statute. There was no evidence tending to establish that the fire was caused by sparks from a locomotive and there was no real issue on that ground. The court might properly have instructed a verdict in favor of defendant on the first cause of action in view of the facts as shown in the record. Under these circumstances no error in the submission could be prejudicial to the plaintiffs. The judgment will be affirmed.

*Judgment affirmed.*

SHOHL, P. J., HAMILTON and CUSHING, JJ., concur.