SHEWELL ET AL., APPELLANTS, *v.* BOARD OF EDUCATION OF GOSHEN UNION LOCAL SCHOOL DIST., APPELLEE.

(No. 3344—Decided July 1, 1950.)

*Mr. A. L. Baker* and *Mr. George Edwards*, for appellants.

*Mr. Robert A. Manchester II* and *Messrs. Harrington, Huxley & Smith,* for appellee.

GRIFFITH, J. This cause is before this court on appeal on questions of law and fact. It is a suit for the purpose of quieting title to a certain piece of land.

Carl and Eva Shewell filed their petition, alleging that they are the owners in fee simple of 39 acres, described in the petition, "subject, however, to the right

of the township school board in one-fourth of an acre of land in the southwest corner of said tract used for school''; that it has been abandoned by the board of education; and that the plaintiffs are entitled to have the title quieted in them.

The defendant board of education claims title by virtue of its chain of title as to the one-fourth acre described in the deed and, also, by adverse possession as to the enlarged portion.

It is clear that Peter and Hannah Masten, by deed of April 10, 1863, conveyed all their title to the premises.

Did they convey to Hinchmans the lot in question subject to a mere use by the board of education? In other words was the provision, ''except the right owned by the school district or board of education as the case may be, to about one fourth of an acre of land now used as a school house lot,'' an expression of a permissive use or did these words carve out a fee simple title from the acreage?

The defendant is in actual possession of the real estate in question and has been in the actual and exclusive possession thereof since the year 1863.

There are two sets of persons claiming title in fee simple to this property, namely, the Board of Education of Goshen Union Local School District and Carl and Eva Shewell.

The deed, which was made by John and Hannah Masten in 1863 to the Hinchmans, after describing the acreage by metes and bounds recited the following: ''* * * except the right owned by the school district or board of education as the case may be to about one fourth of an acre of land now used as a school house lot.''

Did the Mastens, by this recitation, convey any title whatsoever to the Hinchmans in the school lot?

If they did not, then the plaintiffs, who are the present owners of the acreage through various mesne conveyances, have no title whatsoever in the lot.

What is the meaning of the phrase, "the right owned," as used in the deed?

A covenant for quiet enjoyment is a covenant for possession; and that of "seisin" is a covenant for title, the word being used as synonymous with "right." *Price* v. *Deal,* 90 N. C., 290.

A covenant of "seisin" has generally been regarded as a covenant for title, the word being used as synonymous with "right." *Kincaid* v. *Brittain,* 37 Tenn., 119. See, also, 37 Words and Phrases, 623.

The word, "own," standing alone and unqualified by reference to a lesser estate, means a complete ownership of land in fee simple. *Ramsey* v. *Leeper,* 168 Okla., 43, 31 P. (2d), 852. The word, "own," is a synonym of "possess." To own is to have a good legal title to. *State* v. *Lowry,* 166 Ind., 372, 77 N. E., 728, 4 L. R. A. (N. S.), 528.

The words, "owned by," mean an absolute and unqualified title, whereas the words, "belonging to," do not import that the whole title to property or thing is meant, for a thing may belong to one who has less than an unqualified and absolute title.

The Mastens excepted the right owned by the board of education. This is not an exception of a permissive use; it is an exception of a fee simple title, the effect of which is the same as though the description of the acreage had excluded the school lot entirely.

The actual land which is in dispute in this case is slightly over one acre, as described in the defendant's cross-petition, whereas the exception in the Masten deed is one-fourth of an acre; and there is a conflict of testimony with respect to the matter of fencing on the north and east sides of this lot. However, it is admit-

ted by all that the one-acre tract goes to the center of both highways, and that may account for a part of the discrepancy.

We are of the view that there has been an extension of lines on the north and east sides of this lot down through the years, increasing the size of the lot to 1.025 acres.

As to the one-fourth acre of land excepted in the Mastens' deed, there not only is a presumption of grant (lost or destroyed deed), but, in addition to that presumption, there is the acknowledgment of the Mastens that the board of education owned the right to this land.

As to the title to the portion of land, whatever it may be, which enlarged the original area, the board acquired this area by adverse possession.

The cross-petition asks that the title of the Board of Education of Goshen Union Local School District be quieted as against the claims of the plaintiffs. That the court will do, because the court finds that they have no interest in the property comprising 1.025 acres of land, and the title will be quieted in the board of education so far as the plaintiffs are concerned.

We find that the defendants named in the cross-petition of the board of education, save and except the Suburban Power Company through its successor, Ohio Edison Company, do not have any estate or interest in the premises; and that the Ohio Edison Company has maintained its electric lines and right of way across the premises for more than 21 years and has acquired a prescriptive right to maintain the same.

*Judgment accordingly.*

Phillips, P. J., and Nichols, J., concur.