556 P.2d 925 (1976)
Maurice E. (Rick) HORN, Appellant (Defendant below),
v.
The STATE of Wyoming, Appellee (Plaintiff below).
No. 4548.
Supreme Court of Wyoming.
December 1, 1976.
Ted. C. Frome, Afton, for appellant.
D. Terry Rogers, Teton County Atty., and Robert B. Ranck, Jackson, in oral argument; and V. Frank Mendicino, Atty. *926 Gen., and Timothy J. Judson, Asst. Atty. Gen., Cheyenne, on brief, for appellee.
Before GUTHRIE, C.J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.
PER CURIAM.
The appellant, Maurice E. "Rick" Horn, was charged by an Information with a violation of § 37-258.1, W.S.[1] Horn was convicted after a trial to a jury, and the district court sentenced Horn to a term of imprisonment in the Wyoming State Penitentiary for not less than one year and not more than 18 months, and fined him $1,000. This appeal is taken from that Judgment and Sentence.
The Information filed in this case charged that:
"* * * Maurice E. "Rick" Horn late of the county aforesaid [Teton County], on or about the 2nd day of March, A.D. 1974 at the County of Teton in the State of Wyoming, did unlawfully violate the provisions of § 37-258.1, W.S. 1957, in that he did on or about that date willfully displace, remove, injure or destroy telephones lines, wire, and conduit belonging to Mt. Bell Telephone, and the property appurtenant thereto, specifically, a telephone
"Contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Wyoming."
The record demonstrates that Horn was dissatisfied because the telephone company did not disconnect and remove his telephone as promptly as he wished. Consequently, he resorted to self-help, and cut the telephone wire at the telephone pole in the alley adjacent to his residence and removed the telephone. He then bundled up the wire and left the telephone with the wire attached at the front door of the telephone company in Jackson, Wyoming.
It is clear from the record that the theory of the State in prosecuting Horn was that the telephone company was the owner of the property involved, and it was because of that ownership that the State, under its theory, satisfied the element of the offense that the property involved must be property "belonging to another." The court specifically instructed the jury that one of the elements of the offense charged was that the property must be property "belonging to another." The clear language of the statute would indicate that if the property in this instance can be said to have belonged to Horn he could not be convicted of a violation of the statute.
During the course of the trial the local manager from Mountain Bell explained that Mountain Bell owned the telephone and that it was consigned to Mr. Horn. He stated that the telephone and the telephone wire belonged to Mountain Bell, but on cross-examination he characterized the rights of users, such as Mr. Horn, by stating that the user was renting equipment for private use, and that would "be for your use." He also explained that the subscriber to the telephone service had exclusive rights to the use of the telephone, and the subscriber had the right to possess it in his home. Further, on cross-examination, he explained that as against all the rest of the world the telephone is exclusively the subscriber's to use and control and possess. He even added that a private telephone such as this, and telephone equipment on private property, belongs to the owner of *927 the property insofar as he has exclusive rights to possess and use the telephone and equipment. This testimony is a reasonably accurate characterization of the relationship between the telephone company and its subscriber. Cf., New England Tel. & Tel. Co. v. National Merchandising Corp., 335 Mass. 658, 141 N.E.2d 702, 63 A.L.R.2d 1085 (1957).
At the close of the State's case, Horn, through his counsel, made a motion for judgment of acquittal, essentially contending that the evidence was not sufficient to establish a violation of the statute because it did not show that the telephone and wire in question were property belonging to another. The district court denied the motion for judgment of acquittal, and upon Horn's resting without submitting further evidence, submitted the case to the jury. In his appeal Horn again presents the contention that the evidence is insufficient to sustain the verdict of conviction in this case.
Our state has adopted the rule of construction that a penal statute cannot be extended by implication or construction to persons or things not expressly brought within its terms, nor to cases not within the letter of the statute; and also that all doubts as to the construction are resolved in favor of the defendant. Title Guaranty Company of Wyoming, Inc. v. Belt, Wyo., 539 P.2d 357 (1975); Brown v. Jarvis, 36 Wyo. 406, 256 P. 336 (1927); State v. Hall, 27 Wyo. 224, 194 P. 476 (1920); State v. Thompson, 15 Wyo. 136, 87 P. 433 (1906); People ex rel School Dist. No. 3 in Laramie County v. Dolan, 5 Wyo. 245, 39 P. 752 (1895); Haines v. Territory, 3 Wyo. 167, 13 P. 8 (1877). In applying this precept of statutory construction in circumstances such as this any ambiguity ought to be resolved in favor of the defendant. E.g., United States v. Enmons, 410 U.S. 396, 93 S.Ct. 1007, 35 L.Ed.2d 379 (1973); Rewis v. United States, 401 U.S. 808, 91 S.Ct. 1056, 28 L.Ed.2d 493 (1971).
The word "belong" is said to have two general meanings: (1) ownership; and (2) less than ownership, i.e., less than an unqualified and absolute title, such as the absolute right of user. Black's Law Dictionary, p. 198 (4th Ed. 1968). This duality of definition is supported by cases which have considered the meaning of the words, "belong to." Baltimore Drydocks & Ship Building Co. v. New York & P.R.S.S. Co., 262 F. 485 (4th Cir.1919); City and County of San Francisco v. McGovern, 28 Cal. App. 491, 152 P. 980 (1915); People ex rel. Gill v. Lake Forest University, 367 Ill. 103, 10 N.E.2d 667 (1937); Shewell v. Board of Education of Goshen Union Local School Dist., 88 Ohio App. 1, 96 N.E.2d 323 (1950); Compton v. Cincinnati, L. & N. Ry. Co., 12 Ohio App. 322 (1919); Board of Supervisors v. Medical Group Foundation, Inc., 204 Va. 807, 134 S.E.2d 258 (1964).
As applied to Horn's situation the principles set forth above demonstrate the inherent ambiguity of the words, "belonging to," and these words, therefore, are to be given the meaning most favorable to Horn. The most favorable meaning to Horn is that the words "belonging to" mean something less than an unqualified and absolute title or ownership such as "the absolute right of user." As indicated previously the theory of the State was that the words meant only ownership.
Until he ordered the telephone disconnected Horn did have an interest which would permit this telephone to be described as belonging to Horn. See Lichty v. Model Homes, 66 Wyo. 347, 211 P.2d 958 (1949). That interest may have been affected by his demand upon the telephone company that it be disconnected, but until that demand was complied with, Horn, at the very least, was an involuntary bailee. In the role of an involuntary bailee he still had a right to possess the property as against everyone except Mountain Bell, its owner. 8 C.J.S. Bailments, § 20b., p. 370 (1962); 8 Am.Jur.2d, Bailments, § 71, p. 974 (1963). In the context of the most favorable meaning for Horn the telephone *928 still could be described as belonging to him.
If the telephone and the appurtenances were property "belonging to" Horn then they could not be property "belonging to another" for purposes of applying this criminal statute. We conclude that this construction is consistent with the intent of the legislature. We can recognize merit in prescribing a heavy penalty for interfering with the telephone service of other people. Telephones customarily are relied upon for all sorts of communicative uses including those made necessary because of emergencies. To permit strangers to interrupt telephone service could create grave dangers in many instances. On the other hand, if an individual chooses, for whatever reason, to interrupt his own telephone service that act should not necessarily invoke the same criminal sanction, and we hold that it does not. In order to make out a violation of this part of this criminal statute it is incumbent upon the State to prove that the defendant had no interest whatsoever in the telephone equipment which would permit it to be described as "belonging to" the defendant. The uncontroverted record here shows that Horn had a sufficient interest in this telephone to place him beyond the reach of the statute.
The Judgment and Sentence of the district court is reversed with instructions to dismiss the Information.
NOTES
[1] This criminal statute reads as follows:

"Any person who wilfully displaces, removes, injures or destroys any public telephone instrument or any part thereof or any equipment or facilities associated therewith or who enters or breaks into any coin box associated therewith or who wilfully displaces, removes, injures or destroys any telegraph or telephone line, wire, cable, pole or conduit belonging to another or the material or property appurtenant thereto is guilty of a felony and upon conviction thereof shall be punished by imprisonment in the state penitentiary for not more than five (5) years, to which may be added a fine not exceeding the sum of one thousand dollars ($1,000.00)."