# BAKER v. BOARD OF COUNTY COMMISSIONERS
## OF CROOK COUNTY.

OFFICE AND OFFICER — CORONER — COUNTY PHYSICIAN.   RIGHT OF
CORONER TO SERVE UNDER CONTRACT AS COUNTY PHYSICIAN
— STATUTORY CONSTRUCTION — PUBLIC POLICY.

1.  An office is a lucrative one, to which salary, compensation, or
    fees are attached, regardless of the amount.

2.  The office of coroner of a county is a lucrative office in the
    sense of the statute prohibiting a person holding a lucrative
    office from being interested in certain contracts. (R. S.,
    Sec. 5095.)

3.  When, in a statute, a specific enumeration concludes with a
    general term, the latter is limited to things of the same kind
    as those enumerated.

4.  The class of contracts forbidden being such as are for "the
    construction of any State building, courthouse, schoolhouse,
    bridge, public building, or work of any kind erected or built
    for the use," etc., reference is had to public works or public
    improvements; and the words "work of any kind" are to be
    restricted to works of like kind with those enumerated.

5.  Contracts by a county for medical attention to poor and
    paupers do not come within the prohibition of the first clause
    of said Section of the statute.

6   The second clause of the Section covering the case of an
    officer "who shall bargain for or receive any percentage,
    drawback, premium, or profits, or money whatever on any
    contract, or for the letting of any contract, or making any
    appointment," etc., the words "money whatever on any con-
    tract" must be construed to mean any money by way of
    percentage, drawback, premium, or profits upon any con-
    tract of others with the public.

7.  Penal statutes must be construed strictly, and not extended
    to include cases not within the obvious import of the words.

8.  The last clause of said statute does not prohibit a coroner
    from contracting with the county to furnish medical atten-
    tion and medicine as a county physician.

9.  The board of county commissioners of a county can legally
    enter into a contract with, and employ, the coroner of the
    county, who is a practicing physician, for a period of one

year, at a reasonable compensation to furnish medicine and medical attention for the poor and paupers of the county. Such contract is not prohibited by the statute (Sec. 5095), nor is it illegal as against public policy.

[Decided January 17, 1900.]

RESERVED questions from the District Court, Crook County, HON. JOSEPH L. STOTTS, Judge.

The case and question is stated in the opinion.

*Nichols & Adams*, for the plaintiff.

The lucrativeness of an office does not depend upon the amount of the compensation attached to it. The office of coroner is a lucrative office. (Ency. L., Vol. 13, 1192; Dailey v. State, 8 Blackf., 329; Howard v. Shoemaker, 35 Ind., 111; Grd. Island Gas Co. v. West, 28 Neb., 852; Mc Elhinney v. City, 32 Neb., 744. The contract in the case is in violation of Sec. 129 of the Crimes Act (R. S., § 5095) and therefore *ultra vires*. It is against public policy to permit the parties to enter into such a contract. See Greenhood Pub. Pol., 337, 338; 15 Law. Rep. Ann., 521; Mullaly v. N. Y., 3 Hun., 661; 62 N. Y., 636; Mc Gregor v. Logansport, 79 Ind., 166; Ft. Wayne v. Rosenthal, 75 id., 156; 39 Am. Rep., 127; Macon v. Huff, 60 Ga., 221.)

*J. D. Skaggs*, Co. Attorney, for defendant.

The office of coroner is not a lucrative one. The perquisites of the office are very small, and practically nothing in small counties. In order for the contract complained of to violate the statutes, the coroner must have the power of appointment, and the power to let contracts, which he has not. The contract does not concern public buildings. The interest implied in the last clause of the statute is such an one as would enable the officer to receive drawbacks, etc. The office of coroner will not conflict with that of county physician. The statute does not at all apply to the contract under consideration. Counsel cited on various questions discussed, the following: (Hays v.

Alrichs, 22 So., 265; 32 Pac., 237; 36 id., 780; 37 N. W., 936; High on Inj., 763–785, 786, 797; Steffens v. Moran, 36 N. W., 76).

CORN, JUSTICE.

This case is before us upon a question reserved by the judge of the District Court of Crook County. The question is as follows: "Can the Board of County Commissioners legally enter into a contract with, or employ, the coroner of the county (who is a practicing physician) for a period of one year, at a reasonable compensation, to furnish medicine and medical attendance for the poor and paupers of the county?"

The question as to the power of the board arises mainly upon the construction of Sec. 5095, Revised Statutes, which is as follows: "Any State officer, county commissioner, trustee of any school district, mayor, councilman, or trustee of any city or town, or any person holding any appointing power, or any person holding a lucrative office under the laws of this State, who shall, during the time he may occupy such office or hold such appointing power and discharge the duties thereof, be interested, directly or indirectly, in any contract for the construction of any State building, courthouse, schoolhouse, bridge, public building, or work of any kind, erected or built for the use of the State, or any county, school district, city or town in the State, in which he exercises any official jurisdiction; or who shall bargain for or receive any percentage, drawback, premium, or profits, or money whatever on any contract or for the letting of any contract, or making any appointment wherein the State, or any county, school district, city or town, is concerned, shall be fined not more than five thousand dollars nor less than one hundred dollars."

The plaintiff contends that the office of coroner is a lucrative office, and that, by virtue of the statute, the incumbent is disqualified from entering into any contract with the county. The defendant upon the other hand

insists that the office of coroner is not a lucrative office, and that, even if so, the contract in question does not come within the purview of the statute, and is not illegal.

What is a lucrative office seems to be very well settled upon reason and authority. Mr. Mechem says: "An office to which salary, compensation, or fees are attached is a lucrative office, or, as it is frequently called, an office of profit. The amount of the salary or compensation attached is not material. The amount attached is supposed to be an adequate compensation and fixes the character of the office as a lucrative one, or an office of profit." Mechem on Public Officers, Sec. 13. Dailey v. State, 8 Blackf. (Ind.), 329; 13 Am. Eng. Ency., 1192. The coroner is a county officer, elected by the people, and by Sec. 1183, Rev. Stat., it is provided that he shall receive, for holding an inquest, five dollars per day and mileage at the rate of ten cents per mile, and for performing the duties of sheriff, when the latter is disqualified, the same fees as may be allowed the sheriff. We think, therefore, the office is, very clearly, a lucrative one, under the statute, and the fact that the compensation may not ordinarily be large does not affect its character in this respect.

No such office as that of county physician is provided for by our laws, but the employment of a physician by the various counties to render a certain class of services by the year and for an agreed annual compensation is a common, and perhaps uniform, practice in the State. The statutes recognize such employment, and the person employed is referred to in the statutes as county physician. Rev. Stat., Secs. 1260, 4300, 4885. As the county physician is not legally an officer of the county, no question is presented of incompatibility of offices which would forbid the incumbency of the two positions of coroner and county physician by the same person.

The intent and purpose of Section 5095, above quoted, we think is reasonably clear. The first clause forbids any

person holding any appointing power, or any lucrative office, to be interested in a certain class of contracts. The class of contracts forbidden is such as are "for the construction of any State building, courthouse, schoolhouse, bridge, public building, or work of any kind; erected or built for the use of the State, or any county, school district, city or town, in the State, in which he exercises any official jurisdiction." It is evident that the character of services contemplated in the employment of a physician is not included in any of the enumerated contracts which this clause prohibits, and the words, "or work of any kind," must be restricted to works of like kind with those specially enumerated. The rule of construction is that when a specific enumeration concludes with a general term it is held to be limited to things of the same kind. It is restricted to the same genus as the things enumerated. Sutherland on Stat. Cons., 270; People v. Dolan, 5 Wyo., 253. The clause refers to what are usually designated public works, or public improvements. That this is the meaning is evident also from the use of the word "construction," and from the fact that the works are referred to as "erected or built," which would be inappropriate if the meaning were extended to cover contracts for personal services, such as medical attendance.

The purpose and scope of the second clause of the Section seems to be equally clear. While the first clause forbids officers from being interested as contractors with the public where certain kinds of work are involved, the second clause is intended to prevent such officers from receiving any percentage, or "rake off" (as it is sometimes called), upon any kind of contracts whatever, with the public, in which others are interested. And the rule of construction above referred to must be applied in construing the latter clause also. The language is, "any percentage, drawback, premium, or profits, or money whatever on any contract, or for the letting of any contract." The words, "money whatever on any contract" under the well-established rule before stated, must be con-

strued to mean any money by way of percentage, draw-back, premium, or profits upon any contract of others with the public.    In view of these considerations, and the further principle that penal statutes must be construed strictly and not extended to include cases not within the obvious import of the words, we think the contract in question is not one of those prohibited by the statute.    However, counsel for the plaintiff, while apparently relying solely upon the terms of the statute for his contention, urges that the contract is illegal as opening the door to fraud and against public policy.    And he instances the cases in which the coroner may call upon a physician to hold a *post mortem* examination, for which service a considerable fee is allowed by statute; and he urges that the coroner would probably call upon himself to perform this lucrative service if he were also county physician.    The particular objection is met by the statute itself, which contains a proviso that the sections providing for the payment of such fees shall not apply in the case of any physician regularly employed by the county as such.    Sec. 4300, Rev. Stats.

But it must also be borne in mind that in the large class of cases in which the contracts of officers with the public are held to be illegal as against public policy, they are so held even in the absence of any statute and upon principles which do not at all apply to the facts of this case. An agent, whether of a private individual or a public corporation, can not lawfully represent both himself and his principal in the making, performance, or settlement of any contract between his principal and himself.    It is therefore well settled that the governing body of a public corporation can not lawfully contract with themselves or one of their own number on behalf of the corporation. Mechem on Pub. Of., 839–40.    But this is not because they are officers, but because their official duty and authority make them the agents of the corporation.    And upon the other hand it seems to be quite as well settled that the officers controlling a public corporation may contract

with ministerial officers of the corporation unless such contracts are prohibited by statute.    Board v. Mitchell, 15 L. R. A. 523 (Ind.); Evans v. Trenton, 24 N. J. L., 764; Detroit v. Redfield, 19 Mich., 376; Niles v. Muzzy, 33 Mich., 61;  Mc Bride v. Grand Rapids, 47 Mich., 236; U. S. v. Brindle, 110 U. S., 688; State v. Houser, 63 Ind., 155;  Mechem on Public Officers, Sec. 375.

If the coroner of a county, who happened to be a physician, should employ himself to make a *post mortem*, such contract might be obnoxious to the objections urged. In the case presented, however, the officer represents only himself as an individual, and with reference to the subject matter of the contract, does not assume to represent and has no power or authority to represent the county. We see no reason, therefore, for declaring such a contract to be against public policy, and, not being forbidden by any statute to which our attention has been directed, we think it is not subject to any legal objection.

The question reserved is answered in the affirmative.

POTTER, C. J., and KNIGHT, J., concur.