The STATE of Wyoming, Plaintiff,

v.

Floyd REISCH, Jr., Defendant.

No. 3985.

Supreme Court of Wyoming.

Dec. 28, 1971.

James N. Wolfe, County and Pros. Atty., Sheridan, for plaintiff.

Burgess, Kennedy & Davis, and Russel P. Steele, Sheridan, for defendant.

Before McINTYRE, C. J., and PARKER and McEWAN, JJ.

PER CURIAM.

The occurrences leading up to the Sheridan County Attorney's bill of exceptions under the provisions of §§ 7–288—7–291, W.S.1957, had their genesis in Floyd Reisch, Jr.'s, plea of guilty to a charge of grand larceny January 29, 1970, and at that time his being placed by the district court on probation for a term of two years, conditioned, among other things, that he should "not violate any law of the State of Wyoming" and "not use intoxicants of any form." On January 4, 1971, the county attorney filed a motion to revoke probation and application for bench warrant, reciting that the probationer had on December 25, 1970, been guilty of grand larceny in the violation of § 6–132, W.S.1957, and had on several occasions used intoxicants in violation of the order of probation. The court thereupon issued and caused to be served upon Reisch an order to show cause why the order of probation should not be revoked. At the day set for hearing, the court appointed counsel for Reisch, and the

matter some days later came on for hearing on the motion. After some preliminary conversation between court and counsel the court asked if there had been an adjudication of guilt as to the crime alleged in the motion, was told by the county attorney that he thought such determination was the subject of the hearing and that the State was prepared to proceed with evidence of probationer's violation of Wyoming laws. The court refused to hear evidence, stating, inter alia:

" * * * there's going to have to be a conviction here if there isn't a plea of guilty entered in this charge. I'm not going to try him here on a crime on a motion to revoke because he's innocent until he's proven guilty. He has a right to a trial by jury, he has a right to be represented, he has a right to a formal trial.

*    *    *    *    *    *

" * * * The case is dismissed."

1. Citation of authority is superfluous but it may be noted in passing that the subject is discussed in detail at 2 Wright,

Although a similar matter has not been presented in this jurisdiction, Rule 33(f), W.R.Cr.P., is identical to Rule 32(f), Fed.Rules Cr.Proc., which has repeatedly been held in the federal courts to be consonant with the fundamental principle that any court which grants probation has inherent power to revoke it.[1] The matter of conducting a hearing is not specified and has taken various forms but no trial by jury is requisite. All that is essential is the court's conscientious judgment after hearing the facts that the violation has occurred. This should not be an arbitrary action and should include a consideration of both the reasons underlying the original imposition of conditions, the violation of these, and the reasons leading to such violation. The court misconceived the probationer's right to a jury trial for the revocation of probation, and abused its discretion in refusing to hear evidence presented concerning the violation.

Exceptions sustained.

Federal Practice and Procedure, § 530 (1969), and 5 Orfield, Criminal Procedure under the Federal Rules, § 32:70 (1967).