### 53676. JONES v. THE STATE.

BELL, Chief Judge.
  Defendant was placed on probation for three years following his conviction for burglary. Thereafter a rule nisi was issued alleging that he had violated the terms of his probation four ways by committing the offenses of criminal attempt to commit burglary, possession of tools for the commission of a crime, criminal damage to

property, and by violating a midnight curfew imposed by his probation officer. At the hearing it was shown, over defendant's objection, that after midnight on August 30, 1976 defendant was observed by a police officer inside a telephone booth and an object fell from defendant's hand. Defendant was arrested. A sledge hammer and screwdriver were lying on the booth floor. The phone coin box was dented and the telephone was inoperative. Defendant objected to the court considering this evidence on the basis that he had been indicted for and acquitted of the possession of tools for the commission of crime, viz., the sledge hammer and screwdriver and this acquittal operated as a bar to the use of any evidence arising out of this incident as a basis to revoke his probation. *Held:*

1. The acquittal by jury of the possession of tools for the commission of crime will not prevent or otherwise affect the revocation of probation based on this same unlawful conduct under our recent decision in *Johnson v. State,* 142 Ga. App. 124.

2. While three of the grounds are sufficient, collectively and severally, to warrant the revocation, there is an error in the fourth which we are constrained to point out. It was error to attempt to show burglary of a telephone booth, for a telephone booth cannot be the subject of a burglary. This is obvious for there is always an absence of the essential element of burglary of an entry without authority into a telephone booth. Code § 26-1601. Accordingly, the evidence here would have authorized revocation for the criminal attempt to commit "theft by taking" but would not have authorized it for an attempted "burglary."

The evidence otherwise supported the revocation.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

SUBMITTED APRIL 4, 1977 — DECIDED MAY 12, 1977.

*Burkhalter, Hamilton & Dunn, Hubert E. Hamilton, III,* for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Charles H. Weston, Assistant District Attorneys,* for

appellee.