**No. 28399**

**The People of the State of Colorado v. Donald Eric Wimer**

(591 P.2d 87)

Decided February 26, 1979.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, David K. Rees, Assistant, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Paula K. Miller, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ROVIRA delivered the opinion of the Court.

The defendant was convicted and sentenced under the first-degree assault statute, section 18-3-202, C.R.S. 1973. He moved for resentencing under Crim.P. 35(b) on the basis that the conviction and sentencing for a class three felony under the first-degree assault statute rather than for a class four felony under the second-degree assault statute, section 18-3-203, C.R.S. 1973, violated his right to equal protection under the Fourteenth Amendment to the United States Constitution. The motion was denied, and he appealed to this court. We affirm.

On March 24, 1976, the Weld County Sheriff's Department was notified that the Morgan County Sheriff's Department was engaged in high speed pursuit of a motor vehicle driven by the defendant which had just entered Weld County. Weld County Deputy Sheriff Santiago Perez set up a road block by placing his patrol car across the highway and standing between it and the oncoming vehicle of the appellant. Deputy Perez was in uniform, and the lights of his vehicle were flashing. Rather than slowing down to avoid striking the deputy, the defendant maintained his speed and attempted to crash through the roadblock. Deputy Perez was forced to leap out of the way of the defendant's vehicle at the last moment. He was not injured.

The defendant pled guilty to first-degree assault, section 18-3-202(1)(e), C.R.S. 1973, which provides:

"(1) A person commits the crime of assault in the first degree if:

. . . .

"(e) With intent to cause serious bodily injury upon the person of a peace officer or fireman, he threatens with a deadly weapon a peace officer or fireman engaged in the performance of his duties, and the offender knows or reasonably should know that the victim is a peace officer or fireman acting in the performance of his duties . . . ."

The defendant claims that his constitutional right to equal protection was violated by his prosecution under the above statute instead of section 18-3-203(1)(c) and (f), C.R.S. 1973, which states:

"(1) A person commits the crime of assault in the second degree if:

. . . .

"(c) With intent to prevent one whom he knows, or should know, to be a peace officer or fireman from performing a lawful duty, he intentionally causes bodily injury to any person; or

. . . .

"(f) While lawfully confined or in custody, he violently applies physical force against the person of a peace officer or fireman engaged in the performance of his duties . . . and the person committing the offense knows or reasonably should know that the victim is a peace officer or fireman engaged in the performance of his duties . . . ."

The defendant presents two arguments in support of his constitutional claim: first, that the "intent to cause serious bodily injury" under section 18-3-202(1)(e), C.R.S. 1973, is indistinguishable from the mental state implicit in "violently applies physical force" under section 18-3-203(1)(f), C.R.S. 1973; second, that the threat of serious bodily injury under section 18-3-202(1)(e) (first-degree assault statute) does not warrant a greater penalty than the actual infliction of bodily injury under section 18-3-203(1)(c), C.R.S. 1973 (second degree assault statute).

■ The principles which guide this court's review of constitutional attacks on legislation were set forth in *People v. Benjamin,* 197 Colo. 188, 591 P.2d 89 (1979). *Cf. People v. Summit,* 183 Colo. 421, 517 P.2d 850 (1974).

■ The defendant's first argument is that sections 18-3-202(1)(e) and 18-3-203(1)(f) proscribe indistinguishable behavior. We find it unnecessary to reach the merits of this contention. We stated in *People v. Blue,* 190 Colo. 95, 544 P.2d 385 (1975), that "no one is entitled to assail the constitutionality of a statute except as he himself is adversely affected." The defendant in this case could not have been prosecuted under section 18-3-203(1)(f) because he was not lawfully confined or in custody as the terms of that statute require. Because that statute could not have been applied to the defendant under the facts of this case, he was not adversely affected by prosecution under the more severe provisions of section 18-3-202(1)(e), C.R.S. 1973. He thus has no standing to challenge the

constitutionality of the distinction between the two statutory provisions. As such, we do not reach the merits of that issue.

The defendant's second argument is that, in cases such as this in which no actual injury was incurred by the victim, it is not minimally rational to impose a greater penalty upon the threat of injury under section 18-3-202(1)(e) than that imposed on actual injury under section 18-3-203(1)(c). We disagree.

■ We stated in *People v. Montoya,* 196 Colo. 111, 582 P.2d 673 (1978), that:

"The legislature is entitled to establish more severe penalties for acts which it believes have greater social impact and more grave consequences. [Citation omitted.] Harsher penalties for crimes committed under different circumstances than those which accompany the commission of other crimes do not violate equal protection guarantees if the classification is rationally based upon the variety of evil proscribed."

■ We do not find that the legislature was irrational in its determination that a threat of serious bodily injury is more grave than an act which results in bodily injury, however slight, as those terms are defined in section 18-1-901, C.R.S. 1973.

Neither of the defendant's contentions merits our holding that this statutory scheme violates his right to equal protection.

Accordingly, we affirm the district court order which denied defendant's motion for resentencing.