Ernie Michael MADRID and John A.
Sandoval, Appellants
(Defendants below),

v.

The STATE of Wyoming, Appellee
(Plaintiff below).

No. 4886.

Supreme Court of Wyoming.

March 29, 1979.

---

1. § 14–2–106, W.S.1977.

Gerald M. Gallivan and Mark J. Warns, Student Intern, Wyoming Defender Aid Program, Laramie, for appellants.

John J. Rooney, Acting Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Cheyenne, and Thomas C. Bancroft, Student Intern, Wyoming Prosecution Aid Program, Laramie, for appellee.

Before RAPER, C. J., and McCLINTOCK, THOMAS and ROSE, JJ., and GUTHRIE, J., Retired.*

McCLINTOCK, Justice.

In the early morning hours of May 25, 1977 the F. E. Curtis Jewelry Co. in Kemmerer was burglarized, and a number of wristwatches taken. The defendants, Michael Madrid and John A. Sandoval, were implicated in the crime, arrested and charged with burglary and grand larceny. After trial to a jury they were convicted of the offenses charged and bring this consolidated appeal claiming error. The only issue presented is whether statements made by a witness for the prosecution as to alleged prior misconduct of the appellants and cross-examination of Madrid and Sandoval about this incident constitute plain error requiring reversal of the convictions. The record shows no objection made to the alleged improprieties and counsel for the appellants concede this point. We affirm the judgment and sentence of the district court.

During trial the prosecution called witness Smith in its case in chief and during the examination elicited testimony to the effect that on May 19 Madrid and Sandoval had offered to sell her a wristwatch that had been stolen. Smith also was apparently used as an identification witness.

■■■■ On cross-examination of both Madrid and Sandoval the prosecution inquired into the incident but appears to have obtained little damaging information. It should be noted, however, that the defense first inquired into the incident on direct examination of both defendants. No objection of record was made to any of the questions or answers and appellants concede the general rule is that failure to object is a waiver of the alleged error but they assert plain error. For this court to invoke the plain-error rule, as embodied in Rule 49(b), W.R.Cr.P., three specific criteria must be fulfilled: first, the record must be clear as to the incident that occurred at trial that is alleged as error; second, the proponent of the rule must demonstrate a violation of a clear and unequivocal rule of law; and third, the proponent must prove that a substantial right has been violated and that the defendant has been materially prejudiced by that violation. *Jones v. State*, Wyo., 580 P.2d 1150 (1978); *Hampton v. State*, Wyo., 558 P.2d 504 (1977); *Hays v. State*, Wyo., 522 P.2d 1004 (1974). These requirements must be fulfilled even if constitutional rights are involved.

Even if we concede that appellants have satisfied the first two factors of the test, we cannot agree that they have met this burden on the last. They have demonstrated no material prejudice because of the alleged violations. The defendants claim the errors precluded a fair trial guaranteed to them by the Sixth Amendment to the United States Constitution and Article 1, § 9 of the Wyoming Constitution, but prove no prejudice. Appellants concede they have found no cases where this manner of alleged misconduct was deemed plain error, nor have we. They admit that the misconduct raised only inferences and implications of wrongdoing but can prove no more. Appellants cite *Jones v. State*, supra, as a case that was almost reversed for such misconduct and claim the error here more severe. Jones involved a comment made by the prosecution at closing argument clearly misstating a point of law. We believe this case presents no stronger a case for reversal than Jones.

In *Jones*, the import of what the prosecutor told the jury was if the defendant could

---

* At the time of oral argument Guthrie, J., was Chief Justice. He retired from the court on December 31, 1978. By order of the court, entered January 1, 1979, he has been retained in active judicial service pursuant to § 5, Art. V, Wyoming Constitution and § 5–1–106(f), W.S.1977, and has continued to participate in the decision and opinion of the court in this case.

"fool one juror," he could never be convicted of any crime no matter how "despicable" the crime may have been. In essence, he was telling the jury a verdict of guilty should issue even if all were not individually convinced of guilt to a moral certainty for otherwise a heinous crime would forever go unpunished and that the defendant had made a fool of them all. No objection was made and the error was not corrected on instruction. In this case, Smith's testimony may have raised an inference or implication of wrongdoing that was emphasized on cross-examination but the defendants denied the activity on direct and the jury was instructed to disregard such evidence.

The trial court instructed the jury to ignore any evidence of other offenses that might have been committed by the defendants other than the crimes charged in the case before them. We must assume the jury will abide by those instructions, *Kennedy v. State*, Wyo., 559 P.2d 1014 (1977); *Dobbins v. State*, Wyo., 483 P.2d 255 (1971), and find them curative of whatever error occurred in this case. Although *Jones v. State*, supra, and *Simms v. State*, Wyo., 492 P.2d 516, reh. den. (1972) involved prosecutorial misconduct, we agree that as in those cases where the court takes measures to correct an error like that alleged in this case, we must assume no material and prejudicial error was committed. We cannot unequivocally say material prejudice resulted to the defendants by reason of the conduct complained of in this case.

We apply the plain-error rule stringently and sparingly to avoid manifest injustice that seriously affects the fairness and integrity of judicial proceedings and grant that satisfaction of the test is difficult. The burden is and should be on the trial counsel to present his case competently and vigorously and if he fails in his task it is not our duty to relieve his failure.

Affirmed.