Jamie KETCHAM, Appellant
(Defendant),

v.

The STATE of Wyoming, Appellee
(Plaintiff).

No. 5291.

Supreme Court of Wyoming.

Nov. 10, 1980.

Michael H. Schilling, Appellate Counsel, Wyoming Public Defender Program, Laramie, for appellant.

John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div. and Paul H. Byrtus, Legal Intern (argued), on brief, for appellee.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

ROONEY, Justice.

On November 16, 1978, appellant–defendant was sentenced to a term of not less than two nor more than five years in the Wyoming State Penitentiary after a plea of guilty to a charge of burglary in violation of § 6–7–201, W.S.1977. The execution of the sentence was suspended and appellant was placed on probation for a period of five years. On March 28, 1980, the court ordered revocation of appellant's probation for violation of the terms and conditions thereof. Appellant appeals from the revocation order and the resulting judgment and sentence.

We affirm.

In granting probation, the court conditioned it upon the obeyance of appellant of "all of the rules and regulations" of the Department of Probation and Parole, and upon the direction that he "not violate any of the laws of the United States of America, the State of Wyoming, or any other state * * * or any of their political subdivisions."

The probation violation resulted from appellant's involvement with a 14–year–old girl. Although the specific finding of the trial court was that appellant violated the provisions of § 14–3–105, W.S.1977[1] there was no dispute over the fact that victim's parents had forbidden her to keep company with appellant; that she was 14 years of age; that on February 15, 1980, she did not go to school and was reported missing by her parents to the sheriff; that she left school with appellant and spent the following four or five days with him, during which time appellant had sexual intercourse with her; and that appellant was then 18 years of age. Victim testified that she had not had sexual intercourse with anyone other than appellant. The district court found such actions and involvement by appellant to be contrary to the terms and conditions under which he was granted probation.

Appellant words the issues on appeal as follows:

"1. The Finding By The Court That Appellant Violated His Probation By Committing A Violation Of W.S. 14–3–105 Cannot Stand In View Of The Fact That This Statute Has Been Repealed By Implication By W.S. 6–4–305[2] And 6–4–504[3].

"2. The 'Show Cause' Procedure By Which Appellant's Probation Was Revoked Constitutes Denial Of Due Process By Placing The Burden Of Proof On Appellant To Establish That He Did Not Commit The Claimed Violation."

## FACT OF VIOLATION

Appellant argues that § 14–3–105, W.S. 1977 (indecent liberties statute) was repealed by implication through the enactment of § 6–4–305, W.S.1977 (fourth–degree sexual assault statute) and § 6–4–504, W.S.1977 (child abuse statute), which, he contends, are more specific with regard to the prohibited acts, and the provisions of which, he contends, are inconsistent and

---

1. Section 14–3–105 provides:

"Any person knowingly taking immodest, immoral or indecent liberties with any child or knowingly causing or encouraging any child to cause or encourage another child to commit with him any immoral or indecent act is guilty of a felony, and upon conviction shall be fined not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00) or imprisoned in the penitentiary not more than ten (10) years, or both."

2. Section 6–4–305, W.S.1977 provides:

"An actor who is at least four (4) years older than the victim and who inflicts sexual penetration or sexual intrusion on a victim under the age of sixteen (16) years is guilty of sexual assault in the fourth degree."

3. Section 6–4–504, W.S.1977 provides:

"Any adult who intentionally or in reckless disregard of the consequences causes violent physical injury or mental trauma to a child under the age of sixteen (16) or commits any assault or assault and battery upon the child to a degree as to require medical, psychological or psychiatric treatment to heal or overcome the injuries or damages sustained by the child, or who sexually molests a child under the age of sixteen (16) is guilty of child abuse and upon conviction shall be sentenced to the state penitentiary for a term of not more than five (5) years."

repugnant to § 14–3–105. Appellant concludes that he could not be accused of violating § 14–3–105 inasmuch as it was repealed by implication; that he could not be accused of violation of § 6–4–305 inasmuch as there was not a four–year differential between his age and that of the victim (he lacked three days of being four years older than the victim); and that he could not be accused of violation of § 6–4–504 inasmuch as he was not an adult (he was 18 years of age).

■ Not only is appellant's contention subject to criticism in that § 14–3–105 *is* a later enactment (last enacted in 1978) than §§ 6–4–305 and 6–4–504 (enacted in 1977), but the question of inconsistency and implied repeal was not presented to the trial court. A contention for error first raised on appeal will not be considered unless it qualifies as plain error. *Hampton v. State*, Wyo., 558 P.2d 504 (1977). The plain–error doctrine is to be applied cautiously and in exceptional circumstances. *Hampton v. State*, supra; *Downs v. State*, Wyo., 581 P.2d 610 (1978).

"* * * For this court to invoke the plain–error rule, as embodied in Rule 49(b), W.R.Cr.P., three specific criteria must be fulfilled: first, the record must be clear as to the incident that occurred at trial that is alleged as error; second, the proponent of the rule must demonstrate a violation of a clear and unequivocal rule of law; and third, the proponent must prove that a substantial right has been violated and that the defendant has been materially prejudiced by that violation. [Citations.] These requirements must be fulfilled even if constitutional rights are involved." *Madrid v. State*, Wyo., 592 P.2d 709, 710 (1979).

■ The violation of a *clear and unequivocal* rule of law has not been here demonstrated. In this respect, it is appropriate to review the law as it relates to probation revocation.

"The imposition of probation and, therefore, the revocation, lie in the sound discretion of the district court.

"' * * * All that is essential is the court's conscientious judgment after hearing the facts that the violation has occurred. This should not be an arbitrary action and should include a consideration of both the reasons underlying the original imposition of conditions, the violation of these, and the reasons leading to such violation. * * * ' *State v. Reisch*, Wyo., 491 P.2d 1254, 1255 (1971). See *Sanchez v. State*, Wyo., 592 P.2d 1130 (1979)." *Buck v. State*, Wyo., 603 P.2d 878, 879 (1979). "The sufficiency of the evidence to sustain an order revoking probation is a matter within the sound discretion of the trial court and its action will be reversed only upon a clear showing of abuse of discretion. The court cannot act arbitrarily, however, or according to whim or caprice." 21 Am.Jur.2d Criminal Law § 568, p. 536 (1965).

The evidence need not establish the violation beyond a reasonable doubt. 24 C.J.S. Criminal Law § 1572(4), p. 505 (1961); *State v. Fortier*, 20 Or.App. 613, 533 P.2d 187, 188 (1975).

■ A probationer or parolee is not entitled to the "full panoply of rights" that attend a criminal prosecution. *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972); *United States v. Strada*, 8 Cir. 1974, 503 F.2d 1081.

"In such final hearing, the usual rules of evidence need not be applied, *United States v. Cates*, C.A. 4th (1968), 402 F.2d 473, 474[5], and it is not required that the evidence have shown beyond a reasonable doubt that Mr. Mills violated the conditions of his probation, *Manning v. United States*, C.A. 5th (1947), 161 F.2d 827, 829[7], *certiorari denied* (1947), 332 U.S. 792, 68 S.Ct. 102, 92 L.Ed. 374. If the evidence satisfies the presiding judge that the conduct of the probationer has not measured–up to the terms and conditions of his probation, in its discretion, the Court will revoke the probation. See *Burns v. United States* (1932), 287 U.S. 216, 221, 53 S.Ct. 154, 77 L.Ed. 266, 269. * * * " *United States v. Mills*, E.D.Tenn., 444 F.Supp. 26, 27 (1977).

■ Revocation of probation because of a violation of law is not precluded although the probationer is acquitted in a criminal proceeding predicated on such violation. *Johnson v. State,* 142 Ga.App. 124, 235 S.E.2d 550 (1977); *Jones v. State,* 142 Ga.App. 274, 235 S.E.2d 681 (1977); *Bernal–Zazueta v. United States,* 9 Cir. 1955, 225 F.2d 64. A few jurisdictions have taken a contrary position as to this point. See Annotation, Probation Revocation–Following Acquittal, 76 A.L.R.3d 564 (1977). Probation may be revoked on the basis of conduct which falls short of criminal conduct. *United States v. Chambers,* 3 Cir. 1970, 429 F.2d 410; *State v. Reisch,* supra.

■ In general, it can be said that the determination of whether or not a probationer has violated the terms and conditions of his probation is within the sound discretion of the court and is not subject to reversal on appeal unless the discretion is abused. *State v. Reisch,* supra.

"A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances. * * *" *Martinez v. State,* Wyo., 611 P.2d 831, 838 (1980).

Turning then to the action taken in this case by the trial court, it carefully informed appellant of the consequences of violation of the terms of probation. The following was said at the time of sentence:

"THE COURT: It's the judgment and sentence then of this court, Mr. Ketcham, that you are hereby sentenced for a period of from two to five years in the Wyoming State Penitentiary. I'm going to suspend the imposition of the sentence and place you on probation for a five–year period upon the following terms and conditions; that you be under the supervision of the Wyoming State Probation and Parole Department and *that you abide by the rules and regulations of the State Probation and Parole Department; that you not commit any other crimes during that five–year period,* which is the term of your probation, because if you violate any of the laws of any municipality, of any state, or of the nation during that time period, you would be brought before this Court on an order to show cause and *if it's determined that you violated the laws, then you will have to serve your two to five year sentence* in the Wyoming State Penitentiary. Do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: Now, you can't treat that lightly because there are probably a half a dozen people from this county who are now in the penitentiary who violated the terms of their probation, and apparently when they were placed on probation they thought that had gotten off scott–free and nothing else would ever happen, so I say that to you just as a word of warning. Do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: I can almost guarantee you that *if you violate the terms of your probation, you go to the penitentiary on this charge. You would also have to answer to any charges of any other crimes you might be involved in.* Do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: And knowing all that, is it still your wish for your plea of guilty to stand?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right, the prosecuting attorney will prepare the judgment and sentence and the order of probation and he will make arrangements for the probation and parole officer to get in touch with you, or for you to get in touch with him. *You will have to abide by their rules and regulations,* and you'll have to sign a receipt that you've received a copy of the judgment and sentence and the terms of your probation. Do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: Again, let me say to you that I hope you get your life straightened out. One of the reasons that I placed you on probation is the fact that you had not previously been guilty of any major offenses and because of your age. I think that society is justified in taking another chance with you, *but believe me, if you get involved in anything else again,* then you go to the penitentiary; it's just that simple. Do you understand what I'm saying to you?

"THE DEFENDANT: Yes, I do, your Honor." (Emphasis supplied.)

Included in the probation agreement signed by appellant, and as part of the rules and regulations of the Department of Probation and Parole, is the following:

"I will demean myself while at large in a law–abiding manner and live a worthy, respectable life, obey all local, state and federal laws, and conduct myself as a good citizen."

■ It cannot be said that the trial court could not reasonably conclude as it did–that it acted in a manner which exceeded the bounds of reason–i.e., that it abused its discretion in deciding that appellant did not meet the terms and conditions of his probation when he took a 14–year–old girl from her school, kept her secreted from her parents for four or five days, and had sexual intercourse with her during the interim.

■ The trial court specified as the cause for revocation of appellant's probation the violation by him of § 14–3–105. On the date appellant was placed on probation, § 14–3–105 was part of the criminal code. The trial court knew that such section proscribed the taking of immodest, immoral or indecent liberties with any child.[4] Appellant is presumed to have had like knowledge. The prohibition against doing such proscribed acts became part of the terms and conditions of the probation. Appellant does not contend that he did not do that proscribed by § 14–3–105. He only

contends that the statute was repealed by implication through enactment of §§ 6–4–305 and 6–4–504. As previously noted, a conviction of another crime is not a prerequisite for the revocation of probation.[5] It is sufficient if the trial court is reasonably satisfied that the probationer has violated the terms and conditions of his probation, such as engaging in those actions which are defined as a crime. This is in recognition of the differences in the required degree of proof between a criminal proceeding and a probation revocation proceeding, and in recognition of the different nature of the two proceedings. As in other matters involving judicial discretion, the court cannot act arbitrarily or capriciously or according to whim and caprice.

In this instance, appellant did that which the trial court could reasonably have concluded was contrary to the terms and conditions of his probation, and which probationer himself must have recognized to be such.

■ Finally, with reference to the plain–error rule, appellant does not have standing to invoke it. Inasmuch as the four–year age differential did not exist between him and the victim, he is not subject to violation of § 6–4–305. The concept is well stated in *People v. Wimer,* 197 Colo. 191, 591 P.2d 87, 88–89 (1979), as follows:

"The defendant's first argument is that sections 18–3–202(1)(e) and 18–3–203(1)(f) proscribe indistinguishable behavior. We find it unnecessary to reach the merits of this contention. We stated in *People v. Blue,* 190 Colo. 95, 544 P.2d 385 (1975), that 'no one is entitled to assail the constitutionality of a statute except as he himself is adversely affected.' The defendant in this case could not have been prosecuted under section 18–3–203(1)(f) because he was not lawfully confined or in custody as the terms of that statute require. Because that statute could not have been applied to the defendant under the facts of this case, he was not adverse-

---

4. See footnote 1.

5. Historically, the Parole Board has required evidence of conviction before revoking parole for violation of another law.

ly affected by prosecution under the more severe provisions of section 18–3–202(1)(e), C.R.S. 1973. He thus has no standing to challenge the constitutionality of the distinction between the two statutory provisions. As such, we do not reach the merits of that issue."

Similar in tenor are *State v. Kaneakua*, Hawaii, 597 P.2d 590 (1979); *State v. Blinzler*, Mont., 599 P.2d 349 (1979); and *Northend Cinema, Inc. v. City of Seattle*, 90 Wash.2d 709, 585 P.2d 1153 (1978). Substantially the same concept in a civil context is encompassed in *Mahaney v. Hunter Enterprises, Inc.*, Wyo., 426 P.2d 442 (1967).

## "ORDER TO SHOW CAUSE" PROCEDURE

On March 6, 1980, appellant was served with an "Order to Show Cause" and to appear in court on March 20, 1980.[6] Attached to the order was a copy of the "Motion to Revoke Probation and Application for Order to Show Cause" filed by the Deputy County and Prosecuting Attorney. It alleged violation of the terms of appellant's probation in that appellant committed "the offense of knowingly taking immodest, immoral or indecent liberties with a fourteen–year–old child, a violation of Wyoming Statute Section 14–3–105."

Appellant contends that he was denied due process of law inasmuch as the show–cause proceeding placed upon him the burden of proof to show that he did not violate his probation.[7]

Although the record reflects that the hearing was actually conducted by initial presentation of evidence and testimony by the State, with cross-examination by appellant, followed by appellant's testimony in his behalf, i.e., other than in a "show cause" method, this issue must also be resolved on the basis that it cannot be raised on appeal inasmuch as it was not called to

the attention of the trial court. *Hampton v. State*, supra. Because the proceeding was conducted in a fashion whereby the State had the burden of proof to show violation of the terms and conditions of parole, material prejudice cannot be shown. Thus, plain error does not exist. *Madrid v. State*, supra.

Affirmed.

ROSE, Justice, dissenting, with whom McCLINTOCK, Justice, joins.

This case presents a crisp legal question that must be answered by consideration of admittedly ambiguous statutes. The issue is whether appellant committed a criminal act–violated any of the laws of Wyoming–by having sexual intercourse with a 14–year–old girl.[1] There are no factual disputes: The intercourse was consensual; appellant was 18 at the time; the girl was 14 at the time; and the two were less than four years apart in age.

The district court determined that appellant violated the indecent–liberties statute, § 14–3–105, W.S.1977, Dec. 1978 Supp., which provides:

"Any person knowingly taking immodest, immoral or indecent liberties with any child or knowingly causing or encouraging any child to cause or encourage another child to commit with him any immoral or indecent act is guilty of a felony, and upon conviction shall be fined not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00) or imprisoned in the penitentiary not more than ten (10) years, or both."

We recently upheld this 1957 statute against the charge that it is unconstitutionally vague. Laws 1957, ch. 220, § 8; *Sorenson v. State*, Wyo., 604 P.2d 1031 (1979). There is no doubt but that the defendant–

---

**6.** The hearing was rescheduled for March 27, 1980 at appellant's request.

**7.** An alternate procedure would have been to issue a warrant of arrest–one more detrimental to appellant.

**1.** It seems inappropriate to refer to the girl as the victim. She testified that she liked the appellant and had tried to avoid testifying against him, but that she had been told by the prosecuting attorney that she had to so testify. I will refer to her as "the girl" in this opinion.

appellant violated this statute, as recently construed in *Sorenson*. However, he attacks the indecent–liberties statute by arguing that it was repealed by implication by the sexual–assault statutes. His repeal–by–implication argument also encompasses the contention that, according to any proper resolution of the issue, the indecent–liberties statute must be harmonized with the conflicting sexual–assault statutes.

In 1977, the legislature enacted comprehensive statutes covering, inter alia, rape and statutory rape. Sections 6–4–301 through 6–4–313, W.S.1977. These sections very explicitly define a great variety of prohibited acts and categorize four degrees of sexual assault. Section 6–4–303(a)(v), supra, defining second–degree sexual assault, encompasses "statutory rape" when the victim is under twelve years of age. Section 6–4–305, supra, defining fourth–degree sexual assault, includes statutory rape when the victim is under sixteen years of age. It provides:

> "An actor who is at least four (4) years older than the victim and who inflicts sexual penetration or sexual intrusion on a victim under the age of sixteen (16) years is guilty of sexual assault in the fourth degree."

It is agreed by both sides that the aforesaid "statutory–rape" statute could not have been applied against the appellant because he is less than "four (4) years older than" the girl. Appellant charges that this statute is a clear legislative decriminalization of the consensual sexual activity which is the focus of this appeal.

## ANALYSIS

The contradiction between the fourth–degree–sexual–assault statute and the indecent–liberties statute is inescapable. The fourth–degree–sexual–assault statute provides for a maximum of a one–year jail sentence for consensual sexual penetration or intrusion (defined in § 6–4–301(a)(viii) and (ix), W.S.1977 [2] with a child under sixteen but not under twelve [3] but only if there is a four–year age difference between the defendant and the child. On the other hand, the indecent–liberties statute provides for up to ten years in jail for any person who, under *Sorenson*, supra, so much as consensually touches the clothed breast of a girl under nineteen and provides no exception for the case when the defendant is close in age–or even younger–than the "victimized" child.

"'[L]egislative acts dealing with related matters must be considered in pari materia and the meaning of each such statute be correlated so as to give intelligent meaning to both whenever possible.'" *State ex rel. Albany County Weed and Pest District v. Board of County Commissioners*, Wyo., 592 P.2d 1154, 1157 (1979), citing *Kuntz v. Kinne*, Wyo., 395 P.2d 286, 288 (1964). Given an ambiguity in the statutes, we must search for the legislative intent. *Basin Electric Power Coop. v. State Board of Control*, Wyo., 578 P.2d 557, 561 (1978). We are not free to ignore the contradiction between the fourth–degree–sexual–assault statute and the indecent–liberties statute.

Appellant urged that we invoke the doctrine of repeal by implication to resolve the conflict. Repeal–by–implication analysis is,

2. These subsections read as follows:

> "(a) As used in this act:
>
> \* \* \* \* \* \*
>
> "(viii) 'Sexual intrusion' means any intrusion, however slight, by any object or any part of a person's body, except the mouth, tongue or penis, into the genital or anal opening of another person's body if that sexual intrusion can reasonably be construed as being for the purposes of sexual arousal, gratification or abuse;
>
> "(ix) 'Sexual penetration' means sexual intercourse, cunnilingus, fellatio, analingus or anal intercourse with or without emission;"

3. Section 6–4–303(a)(v), W.S.1977, reads:

> "(a) Any actor who inflicts sexual penetration or sexual intrusion on a victim commits sexual assault in the second degree if, under circumstances not constituted sexual assault in the first degree:
>
> \* \* \* \* \* \*
>
> "(v) At the time of the commission of the act the victim is less than twelve (12) years of age and the actor is at least four (4) years older than the victim;"

of course, only one approach to determining legislative intent. Sutherland, Statutory Construction, Vol. 1A (4th Ed.), § 23.09, p. 223. We recently discussed this doctrine in *Nehring v. Russell*, Wyo., 582 P.2d 67, 73 (1978), where we said:

"Repeals by implication are not favored. [Citations] and while such implicit repeals have at times been found [Citations], the party so asserting bears 'the burden of demonstrating beyond question that the legislative body by its later action evinced an unequivocal purpose of effecting a repeal.' [Citation.] What must be shown is that the latter statute is so repugnant to the earlier one that the two cannot stand together, or that the whole subject of the earlier statute is covered by the latter one having the same object, clearly intending to prescribe the only rules applicable to the subject. [Citations] ...."

I feel that repeal–by–implication analysis is not an appropriate way to resolve the conflict between the fourth–degree–sexual–assault statute and the indecent–liberties statute. The original indecent–liberties statute was enacted in 1957. Laws 1957, ch. 220, § 8.[4] The sexual–assault statutes were enacted in 1977. Laws 1977, ch. 70, §§ 1 and 2. In 1978, the indecent–liberties statute was reenacted with inconsequential language changes. Laws 1978, ch. 25, § 1.

The 1978 legislative action, Laws 1978, ch. 25, contains this preamble:

"AN ACT to amend W.S. 14–1–101 through 14–9–106 and renumber as W.S. 14–1–101 through 14–7–104 relating to children; providing for a revision of Title 14 of the Wyoming statutes to eliminate obsolete or fully executed statutes, to conform conflicting statutes, to eliminate duplicitous or archaic language; conforming the numbering of sections and subsections to a uniform numbering system; providing that other acts adopted by the legislature during the same session in which this act is adopted shall prevail to the extent that such acts are in conflict with this act; and providing for an effective date."

Had the 1978 legislative activity been merely a codification or renumbering, the following language from Sutherland, supra, at § 23.14, p. 242, would suggest that the 1978 reenactment of the indecent–liberties statutes should be ignored.

"By its very nature a codification usually consists of a mere reiteration of the existing laws and is usually intended to state them in a more concise and related form. Therefore a code is generally presumed to have no altering or repealing effect upon the existing law, unless the intent is clearly expressed."

If we ignore the 1978 reenactment, appellant has a good argument that the indecent–liberties statute–insofar as it conflicts with the fourth–degree–sexual–assault statute–was repealed by implication in 1977.

On the other hand, if the 1978 legislative enactment was a "comprehensive revision," then it would have served to reenact the indecent–liberties statute even if that statute had been repealed by implication in 1977, Sutherland, supra, § 23.13, p. 238.

I do not believe that the appellant has unequivocably demonstrated that the 1977 sexual–assault statute repealed the indecent–liberties statute by implication and that the indecent–liberties statute was not reenacted in 1978. Nor do I believe that

---

4. Section 8, ch. 220, Session Laws of Wyoming 1957, reads:

"It shall be unlawful for any person, including but not limited to parent, guardian or custodian knowingly to take immodest, immoral or indecent liberties with any such child or knowingly to cause or encourage any such child to cause or encourage another child to commit with him or her any immoral or indecent act.

"Any person who shall violate the provisions of this Section shall be deemed guilty of a felony and upon conviction thereof shall be fined in a sum of not less than One Hundred Dollars ($100.00) nor more than One Thousand Dollars ($1,000.00) or imprisoned in the penitentiary not to exceed ten (10) years, or by both such fine and imprisonment."

the State has unequivocally demonstrated that any conflict between the fourth–degree–sexual–assault statute and the indecent–liberties statute was impliedly addressed by the legislature in 1978 when it overhauled Title 14 dealing with children, but without any consideration of the overlapping sexual–assault statutes concerning statutory rape.

Therefore, I am still left with the problem of resolving the conflict between the indecent–liberties statute, which would criminalize the conduct which is the focus of this appeal, and the fourth–degree–sexual–assault statute, which would decriminalize the same conduct.

I conclude that repeal–by–implication analysis does not produce a clear resolution of the conflict between these two statutes.

A possible hint of legislative intent behind the four–year requirement of the fourth–degree–sexual–assault statute may be gleaned by noting that the fourth–degree–sexual–assault statute criminalizing intercourse (or similar sexual activity) with a child under 16, only if the defendant is more than four years older than the "victim," appears to track the Model Penal Code with respect to the age specifications. § 213.3(1) of the Model Penal Code provides:

"(1) *Offense Defined.* A male who has sexual intercourse with a female not his wife, or any person who engages in deviate sexual intercourse or causes another to engage in deviate sexual intercourse, is guilty of an offense if:

"(a) the other person is less than (16) years old and the actor is at least (4) years older than the other person; or
. . . ."

Model Penal Code, American Law Institute, 1962.

The Model Penal Code refers us to discussions in the Fourth Tentative Draft (American Law Institute 1955), and at pages 253–254 of this draft the topic, "Youth of the Male," is discussed:

"The rationale of statutory rape is victimization of immaturity. It seems necessary, therefore, to recognize that imma-ture males may themselves be victims of adolescence rather than engaged in exploitation of others' experience . . . The most convenient way to give effect to the victimization rationale is to require a substantial age differential in favor of the male. . . Certainly, existing statutory provisions under the rape label as applied to sexual experimentation by a girl just under and a boy just over 16 seem harsh and unreasonable."

We have no way of knowing whether the similarity between Wyoming's fourth–degree–sexual–assault statute and the reproduced portion of the Model Penal Code is intentional or coincidental. Nonetheless, the above comment explaining the Model Penal Code provides a highly plausible legislative intent behind the requirement of a four–year age differential in our fourth–degree–sexual–assault statute. Indeed, it seems obvious that a requirement of a certain age difference for statutory rape prosecution reflects a policy designed to exclude from criminalization consensual sexual activity among minors closely related in age. No doubt, an impetus for such a policy is the awareness that sexual activity among minors is not uncommon.

Thus, while the Model Penal Code comments may provide some perspective from which to view the four–year age differential requirement of our fourth–degree–sexual–assault statute, Model Penal Code comments are, of course, inconclusive as they apply to our statute. And, of course, our sexual–assault and indecent–liberties statutes lack published commentary.

All in all, I am not confident that I can determine the legislative intent behind these two conflicting statutes. Since this is so, it seems appropriate that I make resort to our well–established rule that, "all doubts as to the construction [of penal statutes] are resolved in favor of the defendant." *Horn v. State,* Wyo., 556 P.2d 925, 927 (1976). See, also, *Title Guaranty Company of Wyoming, Inc., v. Belt,* Wyo., 539 P.2d 357, 360 (1975); *Brown v. Jarvis,* 36 Wyo. 406, 256 P. 336, 337 (1927); *State v.*

*Hall,* 27 Wyo. 224, 194 P. 476, 488 (1920); and *State v. Thompson,* 15 Wyo. 136, 87 P. 433, 434 (1906).

Note should also be taken of a footnote in a recent United States Supreme Court decision:

"This view is consistent with the settled rule that 'ambiguity concerning the ambit of a criminal statute should be resolved in favor of lenity,' [citations] . . . ." *Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 1440 (fn. 10), 63 L.Ed.2d 715 (1980).

I would, therefore, have held that Wyoming law does not prohibit consensual sexual activity between a 14–year–old and an older person who is within four years in age.

Having arrived at this legal conclusion, I would have then held that appellant did not violate the laws of this state and that, therefore, his probation should not have been revoked.

The majority opinion presents a number of additional issues which should be addressed:

(1) The majority points out that the validity of the indecent–liberties statute was not addressed to the trial court and suggests that under *Madrid v. State,* Wyo., 592 P.2d 709, 710 (1979), the requirements for this court to notice plain error have not been met. I disagree. The error is clear from the record. The district court's ruling is at variance with the correct interpretation of Wyoming law. Without the complained–of error, appellant would not be returned to jail; therefore, in losing his liberty he is being materially prejudiced. In applying an inapplicable law to take away appellant's liberty, the district court denied appellant due process, thus giving constitutional dimensions to the court's error.

(2) The majority argues that in a probation–revocation proceeding, the evidence need not prove violation of the conditions of probation beyond a reasonable doubt. I am baffled by the relevance of this proposition. There are no factual disputes in this case.

The only dispute between the majority and the dissent in this case concerns questions purely of law.

(3) Even though the trial judge may have great discretion in determining if the evidence established that the probationer violated the condition of his parole, where the district court judge makes an error of law— as he did in this case–he will be said to have abused that discretion. " . . . An abuse of discretion has been said to mean an error of law committed by the court. . . ." *Martinez v. State,* Wyo., 611 P.2d 831, 838 (1980).

(4) The majority opinion points out that appellant agreed to the following condition of probation:

" 'I will demean myself while at large in a law–abiding manner and live a worthy, respectable life, obey all local, state and federal laws, and conduct myself as a good citizen.' "

As I have explained above, I believe the State failed to demonstrate that appellant violated any applicable law. The district court did not base its probation revocation on the grounds that appellant's behavior was not that of a "good citizen" or that appellant failed to live "a worthy, respectable life." Had the district court revoked probation on such subjective grounds, the appellant would have likely successfully challenged the revocation on constitutional grounds. The appellant's behavior in helping the girl to run away from her parents may offend us, but since the State made no claim that the conduct was criminal, I see no legal significance to be ascribed to appellant's behavior in helping the girl run away from home.

I would have reversed the revocation of probation for the simple reason that I do not believe appellant's behavior was criminal under Wyoming law.