2004 WY 54

STATE of Wyoming, By and Through The **WYOMING DEPARTMENT OF REVENUE**, Appellant (Petitioner),

v.

**POWDER RIVER COAL COMPANY**, Appellee (Respondent).

No. 03–9.

Supreme Court of Wyoming.

May 14, 2004.

Representing Appellant: Patrick J. Crank, Wyoming Attorney General; Martin L. Hardsocg, Senior Assistant Attorney General; William F. Russell, Assistant Attorney General. Argument by Mr. Russell.

Representing Appellee: Lawrence J. Wolfe, P.C., and James R. Belcher, P.C., of Holland & Hart LLP, Cheyenne, Wyoming. Argument by Mr. Belcher.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

GOLDEN, Justice.

[¶ 1] Appellant Department of Revenue (Department) imposed sales tax on that portion of Appellee Powder River Coal Company's (PRCC) revenue collected to pay for

another tax, the Leaking Underground Storage Tank tax[1] also known as LUST tax. Following a hearing, the Board of Equalization (Board) reversed the Department, finding no legislative intent to impose sales tax on another tax. The Department contends that the Board erred in this determination and requests reversal of the Board's decision.

[¶ 2]   We affirm the Board's order.

## ISSUES

[¶ 3]   The Department presents the following statement of the issues:

1. Did the State Board of Equalization correctly determine that the legislature intended to exclude the LUST tax from the amount subject to sales tax, when the LUST tax is imposed by the fuel tax articles, and Wyo. Stat. § 39–15–101(a)(viii) expressly excluded taxes imposed by the federal government or the sales tax article from the amount subject to sales tax, but did not exclude taxes imposed by the fuel tax articles?

2. Did the State Board of Equalization correctly determine that the LUST tax only attaches at the consummation of a sale and, therefore, is not part of the sales price, when Wyo. Stat. § 39–17–204(b) levies the LUST tax on all diesel fuels used, sold, or distributed for sale or use in Wyoming?

3. Did the State Board of Equalization correctly determine that the LUST tax is a separate payment owed by the consumer to the State and, therefore, is not part of the consideration paid by the consumer to the vendor, when Wyo. Stat. § 39–17–207(b) requires a licensed supplier, refiner, or importer to pay the LUST tax to the State?

PRCC states the issue as:

Believing that the law did not require it, [PRCC] did not pay sales tax calculated to include in the sales price the LUST tax on diesel fuel it purchased between February 1, 1996, and January 1, 1999. After an audit, the Department assessed $39,384.41 against PRCC, which represents sales tax on the LUST tax. PRCC appealed, and the State Board of Equalization ruled that the Department improperly assessed sales tax on the LUST tax. The issue before this Court is whether the Wyoming Sales Tax statutes authorize the Department to assess sales tax on LUST tax.

## FACTS

[¶ 4]   PRCC purchased diesel fuel from Wyoming vendors to use in operating off-road equipment at PRCC's coal mines in Wyoming's Powder River Basin. PRCC paid sales tax on the price charged for the diesel fuel and paid a one cent per gallon tax pursuant to § 39–17–204(b), known as the LUST tax. PRCC did not pay sales tax on the revenue that had been collected for the purpose of paying the LUST tax. Following an audit of PRCC for the period of February 1, 1996, through January 1, 1999, the Department assessed additional excise taxes, and PRCC filed a notice of appeal with the Board. Following negotiations, the parties agreed that the disputed amount was $39,384.41, and the sole issue was whether sales tax was properly imposed upon the sales price of dyed diesel fuel without deduction for the LUST tax. The Board found that sales tax is not due on LUST tax and reversed the Department's assessment in the disputed amount. The Department appealed to the district court, which certified the issues to this Court.

## DISCUSSION

*Standard of Review*

■■■   [¶ 5]   The parties have stipulated to the facts and present questions of statutory interpretation. Statutory interpretation is a question of law and is reviewed de novo. *Chevron U.S.A., Inc. v. State,* 918 P.2d 980, 983 (Wyo.1996). If an agency did not apply the correct rule of law, or applied it incorrectly, this Court does not defer to the agen-

---

1. Wyo. Stat. Ann. § 39–6–914(a) (Michie 1996), *recodified as* § 39–17–204(b) (Michie 1998 Supp.), provides: "In addition to the tax collected pursuant to W.S. § 39–6–909, there is levied and shall be collected a license tax of one cent ($.01) per gallon on all special fuels used, sold, or distributed for sale or used in this state...."

cy's conclusion but will correct any errors of law. *Id.* When interpreting statutes, we follow an established set of guidelines. First, we determine if the statute is ambiguous or unambiguous. A statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistency and predictability. Unless another meaning is clearly intended, words and phrases shall be taken in their ordinary and usual sense. Conversely, a statute is ambiguous only if it is found to be vague or uncertain and subject to varying interpretations. *Parker Land & Cattle Co. v. Wyoming Game & Fish Comm'n,* 845 P.2d 1040, 1042–43 (Wyo.1993).

*Applicable Sales and Fuels Taxation Statutes*

[¶ 6] In Wyoming, sales tax is levied upon "[t]he sales price of every retail sale of tangible personal property." Wyo. Stat. Ann. § 39–15–103(a)(i)(A) (Michie 1998 Supp.). Fuel is taxed under separate statutes. Wyo. Stat. Ann. § 39–6–901 through § 39–6–914 (Michie 1996), *recodified as* Wyo. Stat. Ann. § 39–17–101 through § 39–17–211 (Michie 1998 Supp.). Nearly all fuel sales were exempt from sales tax; however, for the audit period, dyed diesel fuel was not exempted [2] and was subject to sales tax and the LUST tax. § 39–6–405(iii)(E).[3] The Department contends that before the sales tax is computed, the statutory definition of "sales price" requires that the LUST tax be included as part of the sales price. That definition states:

> ... the consideration paid by the purchaser of tangible personal property ... excluding any taxes imposed by the federal government or this article[.]

§ 39–6–402(a)(iv), *recodified as* § 39–15–101(a)(i)(vi).

[¶ 7] The Board determined that consideration is the amount that a purchaser pays to the vendor and, based on the applicable statute, the Board decided that the purchas-

er does not pay the LUST tax to the vendor, but pays it to the State of Wyoming. That statute states:

> The taxes imposed on motor fuel shall be conclusively presumed to be a direct tax on the ultimate or retail consumer. When taxes are paid by any person other than the ultimate or retail consumer, the payment shall be considered as precollected and as an advance payment for the purpose of convenience and facility to the consumer and shall thereafter be added to the price of the motor fuel and recovered from the ultimate or retail consumer, regardless of where or how the taxable fuel is ultimately consumed.

Wyo. Stat. Ann. § 39–6–904(n) (Michie 1997), *recodified as* § 39–17–203(b)(ii) and § 203(c)(i) (Michie 1998 Supp.). The Board concluded that the LUST tax creates a debt of the purchaser, not the vendor, to the State of Wyoming, and consequently, the LUST tax is not consideration to the vendor and not taxable for sales tax purposes.

[¶ 8] The Department believes that because the LUST tax was not specifically exempted from sales tax in any statutes while several other types of taxes were specifically exempted, the legislature intended that the LUST tax become part of the sales price and the Board's determination is in error. PRCC contends that the Board correctly ruled that the LUST tax is not part of the consideration between the parties to the sale but, instead, is a separate payment owed by the purchaser to the State of Wyoming upon completion of the sale. PRCC argues that the legislature intended that the LUST tax receive the same treatment as all other fuel taxes, meaning that both the sales and LUST taxes are imposed simultaneously and then added to the sales price and the total amount is then charged to the retail customer.

[¶ 9] To support their arguments, both parties extensively discuss the historical background of the numerous fuel and sales

---

**2.** Dyed diesel fuel is exempt from the primary fuel tax and subject to sales tax. § 39–6–909(a)(vi), *recodified as* § 39–17–205(d).

**3.** The exemption was extended to sales of gasoline taxed under § 39–6–201 through § 39–6–216

and of special fuels taxed under § 39–6–901 through § 39–6–913. Because the LUST tax was governed by § 39–6–914, PRCC was required to pay sales tax and LUST tax on the dyed diesel fuel that it used to operate its equipment.

taxation provisions (back to the 1920s), and several decisions from other jurisdictions with the most relevant ones predating 1997 concerning different kinds of taxation statutes to determine if, generally, a tax should be taxed. However, we agree with the Board that the legislature's adoption of § 39–6–904(n) in 1997, recodified as § 39–17–203(b)(ii) and § 203(c)(i), changed fuel taxes from a tax on wholesalers to a direct tax on the ultimate consumer. The statutory language of § 904(n) plainly states this to be the legislative intent, and effectively requires that motor fuel taxes, including the LUST tax, be "added to the price of the motor fuel." § 39–6–904(n). The use of the term "added" was deliberate and is intended to mean that the LUST tax is not "included" as part of the price but is meant to be supplementary, meaning that the tax is separately but simultaneously imposed and then added to the base price of the fuel to arrive at the total amount that the ultimate consumer pays. This interpretation is required, first, because the LUST tax is due from the consumer on a per gallon basis after the vendor has set the price and, logically, cannot be part of the sales price and, second, because the legislature has historically exempted fuel sales from sales taxation. 1980 Wyo. Sess. Laws Ch. 12, § 1;[4] 1986 Wyo. Sess. Laws Ch. 87, § 1.[5]

[¶ 10] Our interpretation is supported by the later recodification of the fuel and sales tax statutes when the legislature completely reorganized and renumbered Title 39 of the Wyoming Statutes. 1998 Wyo. Sess. Laws. Ch. 5. Effective March 6, 1998, the Legislature repealed these articles and recodified Title 39, stating:

> This act is intended simply as a recodification. The Wyoming legislature intends to make no substantive change to prior law including, but not limited to revenue, either increases or decreases, powers, duties, authorities, obligations, definitions, administration, confidentiality, imposition,

tax rates, exemptions, licenses, permits, compliance, collection procedures, enforcement, remedies, statutes of limitation or distribution of taxes. This act is not intended to affect the validity of any rule or regulation promulgated prior to the effective date of this act.

1998 Wyo. Sess. Laws Ch. 5, §§ 6, 8.

[¶ 11] Under the recodification, the LUST tax was specifically exempted from sales taxation. Wyo. Stat. Ann. § 39–15–105(a)(v)(C) (Michie 1998 Supp.).[6] Although the Department contends that the Legislature made a mistake and the LUST tax remained subject to sales taxation, we do not see how the plain language of the exemption statutes can be ignored or determined to be a mistake. We think the reasonable view is that the LUST tax was exempted by § 39–6–904(n) before the recodification, the recodification confirmed that no change to the law was intended, and then, by statute, the LUST tax was specifically exempted. The Board believed that this view was also historically supported by past legislation and interpretations indicating that a tax on a tax is not favored. While we agree that these past interpretations of other taxation legislation are persuasive, we fortunately have specific statutory language requiring that the Board's decision be affirmed.

[¶ 12] The Board's order reversing the Department is affirmed.

---

4. Enacting § 39–6–405 exempting gasoline or gasohol from sales tax.

5. Enacting § 39–6–505(a)(vii) exempting motor vehicle fuel which is subject to taxation under § 39–6–201 through § 39–6–214 or § 39–6–901 through § 39–6–913.

6. Exempts diesel fuels taxed under § 39–17–201 through § 39–17–211 which includes the LUST tax imposed under § 39–17–204.