2010 WY 55

**Jeffrey James FULLER, Appellant (Defendant),**

**v.**

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–09–0169.**

Supreme Court of Wyoming.

April 28, 2010.

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Kerin, Appellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel.   Argument by Mr. Alden.

Representing Appellee:   Bruce A. Salzburg, Attorney General; Terry L. Armitage,

Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Justin A. Daraie, Student Intern. Argument by Mr. Daraie.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Jeffrey James Fuller appeals his conviction on a charge of felony property destruction in violation of Wyo. Stat. Ann. § 6–3–201(a) (LexisNexis 2007). We will affirm.

### ISSUE

[¶ 2] Mr. Fuller states his single issue as follows:

Where a tenant damages rented property and subsequently pays for its repair, can that tenant be held criminally liable under W.S. § 6–3–201 for the damage to the property he was legally possessing under the rental agreement?

### FACTS

[¶ 3] Mr. Fuller and his wife leased a house and garage in Casper, Wyoming. After an argument with his wife, Mr. Fuller drove his pickup through the closed garage door, striking his wife's car inside.[1] He backed up his pickup and then rammed the car again, this time pushing it through the rear wall of the garage. Both the garage and the car were damaged. Mr. Fuller submitted claims to his automobile insurance company. It issued a check to the landlords in the amount of $8,265.39 as reimbursement for damages to the garage.

[¶ 4] Mr. Fuller was charged with the crime of property destruction and defacement for damaging the car and the garage. At the close of the prosecution's case, Mr. Fuller moved for acquittal, asserting that he could not be convicted for damaging the car he owned or the garage he leased. The district court granted the motion as it related to his wife's car because the State failed to

prove who owned it. The district court denied the motion as it related to the garage on the basis that, despite Mr. Fuller's lease of the property, the State had offered sufficient evidence that the landlords owned the garage. The jury convicted Mr. Fuller, and after sentencing, he filed this appeal.

### STANDARD OF REVIEW

[¶ 5] To resolve this case, we must interpret Wyo. Stat. Ann. § 6–3–201(a).

Statutory interpretation presents a question of law which we review *de novo*. *Qwest Corp. v. State ex rel. Dept. of Rev.*, 2006 WY 35, ¶ 8, 130 P.3d 507, 511 (Wyo. 2006).

When interpreting statutes, we follow an established set of guidelines. First, we determine if the statute is ambiguous or unambiguous. A statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistency and predictability. Unless another meaning is clearly intended, words and phrases shall be taken in their ordinary and usual sense. Conversely, a statute is ambiguous only if it is found to be vague or uncertain and subject to varying interpretations.

*BP America Prod. Co. v. Department of Revenue*, 2006 WY 27, ¶ 20, 130 P.3d 438, 464 (Wyo.2006), quoting *State Dept. of Revenue v. Powder River Coal Co.*, 2004 WY 54, ¶ 5, 90 P.3d 1158, 1160 (Wyo.2004). If a statute is clear and unambiguous, we give effect to the plain language of the statute. *State ex rel. Wyo. Dept. of Revenue v. Union Pacific R.R. Co.*, 2003 WY 54, ¶ 12, 67 P.3d 1176, 1182 (Wyo.2003). *Exxon Mobil Corp. v. Dep't of Revenue*, 2009 WY 139, ¶ 11, 219 P.3d 128, 134 (Wyo.2009).

### DISCUSSION

[¶ 6] Mr. Fuller was convicted of violating Wyo. Stat. Ann. § 6–3–201(a), which provides that "A person is guilty of property destruction and defacement if he knowingly defaces, injures or destroys property of another without the owner's consent." Mr. Fuller focuses on the phrase "property of another," contending that it is ambiguous when applied to

---

1. As Mr. Fuller did at trial, we will refer to "his pickup" and "her car" because he drove the pickup more often and she usually drove the car.

The record does not show whether the vehicles were owned individually or jointly.

property in which a defendant has an ownership interest. Because the lease entitled him to sole possession of the garage at the time it was damaged, Mr. Fuller asserts that the garage could be considered his property as well as "property of another." On this basis, he claims that the statutory language is subject to varying interpretations, and is therefore ambiguous.

[¶ 7] Mr. Fuller supports his argument that the statute is ambiguous by citing our decision in *Horn v. State,* 556 P.2d 925 (Wyo. 1976). In that case, Mr. Horn had "resorted to self-help" when the telephone company was slow to respond to a request to disconnect and remove the telephone from his home. He cut the telephone line between his home and a pole in the alley, and "then bundled up the wire and left the telephone with the wire attached at the front door of the telephone company." *Id.* at 926. He was convicted under Wyo. Stat. § 37–258.1 (now codified as Wyo. Stat. Ann. § 37–12–121), which reads as follows:

> Any person who wilfully displaces, removes, injures or destroys any public telephone instrument or any part thereof or any equipment or facilities associated therewith or who enters or breaks into any coin box associated therewith or who wilfully displaces, removes, injures or destroys any telegraph or telephone line, wire, cable, pole or conduit **belonging to another** or the material or property appurtenant thereto is guilty of a felony.

(Emphasis added.) At that time, telephones were generally "owned" by telephone companies and "consigned" to customers. Customers had the right "to possess the property as against everyone except" the company, but still had "less than ownership" of the telephones. *Horn,* 556 P.2d at 927. "[T]he theory of the State in prosecuting [Mr.] Horn was that the telephone company was the owner of the property involved, and it was because of that ownership that the State, under its theory, satisfied the element of the offense that the property involved must be property 'belonging to another.'" *Id.* at 926.

[¶ 8] We found the phrase "belonging to another" ambiguous because the "word 'belong' is said to have two general meanings: (1) ownership; and (2) less than ownership, *i.e.,* less than an unqualified and absolute

title, such as the absolute right of user. Black's Law Dictionary, p. 198 (4th Ed. 1968)." *Horn,* 556 P.2d at 927. Mr. Horn had "less than ownership" of the telephone, but the Court concluded that his interest was enough to "permit this telephone to be described as belonging to [Mr.] Horn." *Id.* Under this statutory language, we concluded, a defendant could not be convicted unless the State proved that he "had no interest whatsoever in the telephone equipment which would permit it to be described as 'belonging to' the defendant." *Id.* at 928.

[¶ 9] Based on the decision in *Horn,* Mr. Fuller asserts that he cannot be convicted of property destruction unless the State proves that he "had no interest whatsoever" in the garage. But the statute under which Mr. Fuller was convicted does not use the ambiguous phrase "belonging to another." It uses the phrase "property of another," and we conclude that this language has only one reasonable interpretation. As the State points out, the word "property" means "anything of value whether tangible or intangible, real or personal, public or private." Wyo. Stat. Ann. § 6–1–104(a)(viii). The word "another" is commonly understood to mean "being one more in addition ... one that is different from the first or present one." *Webster's Ninth New Collegiate Dictionary* 88 (1991). The garage was "property," the landlords were "another," and they had a property interest in the garage. When Mr. Fuller damaged the leased garage, he destroyed or defaced "property of another." Because the words have a clear and unambiguous meaning, we will give effect to the plain language of the statute. *Exxon,* ¶ 11, 219 P.3d at 134.

[¶ 10] Mr. Fuller lists other situations involving jointly owned property in which, he suggests, it would be absurd to impose criminal sanctions. He asks, for example, "What about tenants by the entireties, can either the husband or the wife chop down the cherry tree without the express consent of the other?" In contrast, the State contends that "property of another" should be broadly interpreted to include jointly owned property of all kinds, and marital property in particular because property destruction is commonly associated with domestic violence. We do not need to decide such questions in

this case, and we are not doing so in this opinion. Our narrow holding here is that, under the plain language of Wyo. Stat. Ann. § 6–3–201, a tenant may be found guilty of property destruction or defacement if he knowingly defaces, injures, or destroys rented or leased property without the landlord's consent.

[¶ 11]   As a final matter, we reject Mr. Fuller's suggestion that his conviction was improper because his insurance company reimbursed the landlord for the damage he caused to the garage.  He has not provided any legal authority in support of that assertion, and nothing in the language of this statute indicates that paying for the damages is a defense to the charged crime.

[¶ 12]   Mr. Fuller's conviction is affirmed.