2010 WY 116

**Ricky L. DOUGHERTY, Appellant
(Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

No. S–10–0017.

Supreme Court of Wyoming.

Aug. 17, 2010.

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Kerin, Appellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel. Argument by Mr. Alden.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Graham M. Smith, Special Assistant Attorney General. Argument by Mr. Smith.

Before KITE, C.J., and GOLDEN, HILL, VOIGT *, and BURKE, JJ.

VOIGT, Justice.

[¶ 1] Ricky L. Dougherty (Dougherty) was convicted by a jury of abusing a vulnerable adult in violation of Wyo. Stat. Ann. § 6–2–507 (LexisNexis 2009). Dougherty appeals from the judgment and sentence of that case arguing that the State failed to present sufficient evidence to support a conviction. We agree with Dougherty and will reverse.

### ISSUE

[¶ 2] Was sufficient evidence presented to prove Dougherty committed "abuse" of a vul-

* Chief Justice at time of oral argument.

nerable adult as provided in Wyo. Stat. Ann. § 6–2–507?[1]

## FACTS

[¶ 3] The facts of this case are straightforward and uncontroverted. The victim was a patient in the Acute Rehabilitation Center of Cheyenne Regional Medical Center, where she was recovering from knee replacement surgery. Dougherty, who by all accounts did not know the victim, walked into the victim's room, masturbated in front of her, and then left. Dougherty was subsequently charged with intentional or reckless abuse, neglect, abandonment, or intimidation of a vulnerable adult, in violation of Wyo. Stat. Ann. § 6–2–507. A jury convicted Dougherty of intentional abuse of a vulnerable adult. Dougherty was sentenced to not less than eight (8) years nor more than ten (10) years confinement in the Wyoming Department of Corrections. This appeal by Dougherty followed.

## STANDARD OF REVIEW

[¶ 4] The issue presented requires this Court to interpret the meaning of "punishment" found in Wyo. Stat. Ann. § 35–20–102(a)(ii)(C) (LexisNexis 2009), as it is used to define the term "abuse," found in Wyo. Stat. Ann. § 6–2–507. Based on that interpretation, we must then determine whether sufficient evidence was presented to constitute "abuse" so as to support a conviction under Wyo. Stat. Ann. § 6–2–507.

Statutory interpretation presents a question of law which we review de novo. *Qwest Corp. v. State ex rel. Dept. of Rev.,* 2006 WY 35, ¶ 8, 130 P.3d 507, 511 (Wyo. 2006).

When interpreting statutes, we follow an established set of guidelines. First, we determine if the statute is ambiguous or unambiguous. A statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistency and predictability. Unless another meaning is clearly intended, words and phrases shall be taken in their ordinary and usual sense.

Conversely, a statute is ambiguous only if it is found to be vague or uncertain and subject to varying interpretations. *BP America Prod. Co. v. Department of Revenue,* 2006 WY 27, ¶ 20, 130 P.3d 438, 464 (Wyo.2006), quoting *State Dept. of Revenue v. Powder River Coal Co.,* 2004 WY 54, ¶ 5, 90 P.3d 1158, 1160 (Wyo.2004). If a statute is clear and unambiguous, we give effect to the plain language of the statute. *State ex rel. Wyo. Dept. of Revenue v. Union Pacific R.R. Co.,* 2003 WY 54, ¶ 12, 67 P.3d 1176, 1182 (Wyo.2003). *Fuller v. State,* 2010 WY 55, ¶ 5, 230 P.3d 309, 310 (Wyo.2010) (quoting *Exxon Mobil Corp. v. Dep't of Revenue,* 2009 WY 139, ¶ 11, 219 P.3d 128, 134 (Wyo.2009)).

[¶ 5] We have said the following regarding the standard of review applied to sufficiency of the evidence claims:

In reviewing the sufficiency of the evidence ..., we examine and accept as true the State's evidence and all reasonable inferences which can be drawn from it. We do not consider conflicting evidence presented by the defendant. We do not substitute our judgment for that of the jury; rather, we determine whether a jury could have reasonably concluded each of the elements of the crime was proven beyond a reasonable doubt. This standard applies whether the supporting evidence is direct or circumstantial.

*Tombroek v. State,* 2009 WY 126, ¶ 16, 217 P.3d 806, 812–13 (Wyo.2009) (quoting *Smith v. State,* 2009 WY 2, ¶ 8, 199 P.3d 1052, 1056 (Wyo.2009)).

## DISCUSSION

[¶ 6] Dougherty argues that the State failed to provide sufficient evidence to demonstrate that the act of masturbating in front of the victim resulted in a violation of the charged offense of intentional abuse of a vulnerable adult, found at Wyo. Stat. Ann. § 6–2–507(a) and (c). That statute provides in relevant part:

(a) Except under circumstances constituting a violation of W.S. 6–2–502, a person is

---

1. Dougherty presented three issues for our review; however, because the outcome of the first issue is dispositive we need not address the other two issues.

guilty of abuse, neglect, abandonment or exploitation of a vulnerable adult if the person intentionally or recklessly abuses, neglects, abandons, intimidates or exploits a vulnerable adult.

. . . .

(c) Intentional abuse, neglect or abandonment of a vulnerable adult is a felony punishable by not more than ten (10) years in prison, a fine of not more than ten thousand dollars ($10,000.00), or both, and registration of the offender's name on the central registry.

. . . .

(e) As used in this section:

. . . .

(ii) "Abuse" means as defined in W.S. 35–20–102(a)(ii)[.]

Specifically, Dougherty argues that the act he committed did not fit the definition of "abuse" as defined in Wyo. Stat. Ann. § 35–20–102(a)(ii)(C), as the act did not constitute "punishment." In relevant part, Wyo. Stat. Ann. § 35–20–102(a)(ii) provides:

(a) As used in this act:

. . . .

(ii) "Abuse" means the intentional or reckless infliction, by the vulnerable adult's caregiver, family member or other individual of:

. . . .

(C) Cruel punishment with resulting physical or emotional harm or pain to a vulnerable adult[.] [2]

[¶ 7] Wyo. Stat. Ann. § 35–20–102(a)(ii)(C) is clear and unambiguous. Although punishment is not defined in § 35–20–102, the common definition of "punishment" is "the act of punishing: the infliction of a penalty" or "retributive suffering, pain or loss." *Webster's Third New International Dictionary* 1843 (3d ed.1993). "Penalty" is defined as "punishment for crime or offense." *Id.* at 1668. It is reasonable to assume that most people would agree that the term "punishment" is most often used in a disciplinary context. Although the State argues that the term "punishment" can have a broader

meaning than the one described above, it admits that "the first image that leaps to mind when one hears the word 'punishment' is the image of an act of discipline. . . ."

[¶ 8] Dougherty's act of masturbating in front of the victim was not committed in a disciplinary context and therefore could not be considered punishment as used in Wyo. Stat. Ann. § 35–20–102(a)(ii)(C). Accordingly, because Dougherty's conduct does not fit within the definition of "punishment," we find that there was insufficient evidence of "abuse" and therefore the conviction under Wyo. Stat. Ann. § 6–2–507 cannot stand.

[¶ 9] Reversed.

**2.** Although there are three other definitions of "abuse" found in Wyo. Stat. Ann. § 35–20–102(a)(ii), the State relied solely on the "cruel

punishment" definition to prove abuse. Therefore, our review is limited to that definition.