J.A22045/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
   :    PENNSYLVANIA
              Appellee    :
   :
         v.    :
   :
   :
LEWIS TODD WATKINS,    :
   :
              Appellant    :    No. 2270 MDA 2013

Appeal from the Judgment of Sentence November 16, 2013
In the Court of Common Pleas of Lancaster County
Criminal Division No(s).: CP-36-CR-0003573-2013

BEFORE: PANELLA, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED SEPTEMBER 10, 2014**

Appellant, Lewis Todd Watkins, appeals from the judgment of sentence entered in the Lancaster County Court of Common Pleas, following a bench trial and his conviction for criminal mischief.[1] Appellant contends that because the property he damaged was part of his leasehold,[2] he could not be convicted of damaging another person's property. We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3304(a)(5).

[2] "A leasehold interest is '[t]he interest held by the lessee (the tenant or renter) through a lease transferring the rights of use and occupancy for a stated term under certain conditions.'" ***Tech One Assocs. v. Bd. of Prop. Assessment, Appeals & Review of Allegheny Cnty.***, 53 A.3d 685, 689 n.13 (Pa. 2012) (citation omitted).

Appellant rented a room in a house owned by Jeffrey Wool, which Mr. Wool did not occupy himself.[3]  N.T., 11/19/13, at 7, 15-16.  According to Mr. Wool, Appellant stopped paying rent, so Mr. Wool traveled to the house to remove Appellant's property and change the back door lock.  *Id.* at 12, 17. Mr. Wool was under the impression that Appellant had vacated the premises. *Id.* at 12.  After Mr. Wool changed the lock but before he left the property, Appellant returned, tried to use his key, and when that failed, kicked the door, damaging it.  *Id.* at 8, 13, 23.  Mr. Wool unlocked the door, let Appellant into the home, and contacted the police.  *Id.* at 8.  After the police arrived, Mr. Wool reentered the home and discovered damage to two windows and a kitchen cabinet.  *Id.* at 9.  Appellant admitted causing the damage.  *Id.* at 21.

Appellant was arrested and tried for the aforementioned crimes.  The court found Appellant guilty on November 19, 2013, and sentenced him that day to one year of probation and restitution of $1,500.  *Id.* at 36.  According to the docket,[4] Appellant filed a timely appeal on December 19, 2013. Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

Appellant raises the following issue:

---

[3] We state the facts in the light most favorable to the Commonwealth, as it was the verdict-winner.  ***Commonwealth v. Ratsamy***, 934 A.2d 1233, 1237 (Pa. 2007).

[4] The record does not contain the notice of appeal.

Could [Appellant] be convicted of criminal mischief where the property he damaged was part of his leasehold and should not have been construed as "property of another"?

Appellant's Brief at 4. In support of his issue, Appellant argues that the Commonwealth conceded he had a legal right to be present and that Mr. Wool improperly locked him out. Thus, Appellant maintains, the property he damaged belonged to him as it was part of his leasehold. We hold Appellant is due no relief.

The standard of review for a challenge to the sufficiency of evidence is *de novo*, as it is a question of law. ***Ratsamy***, 934 A.2d at 1235.

> [T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . does not require a court to ask itself whether **it** believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, it must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict.

***Id.*** at 1235-36 (citations and quotation marks omitted). "When reviewing the sufficiency of the evidence, an appellate court must determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all of the elements of the offense beyond a reasonable doubt." ***Id.*** at 1237.

Criminal mischief is defined by Section 3304 of the Crimes Code:

> **(a) Offense defined.**—A person is guilty of criminal mischief if he:

*    *    *

> (5) intentionally damages real or personal property of another[.]

18 Pa.C.S. § 3304(a)(5).

"Because statutory interpretation is a question of law, our standard of review is *de novo*, and our scope of review is plenary." **Commonwealth v. Hacker**, 15 A.3d 333, 335 (Pa. 2011) (citation omitted).

> In all matters involving statutory interpretation, we apply the Statutory Construction Act, 1 Pa.C.S. § 1501 *et seq.*, which provides that the object of interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. A statute's plain language generally provides the best indication of legislative intent. Only where the words of a statute are not explicit will we resort to other considerations to discern legislative intent.

**Commonwealth v. McCoy**, 962 A.2d 1160, 1166 (Pa. 2009) (citations omitted); **see also** 18 Pa.C.S. § 105.

No Pennsylvania case construes "property of another" in Section 3304(a)(5). Arson, a different Chapter 33[5] crime, however, defines "property of another":

> **"Property of another."** A building or other property, whether real or personal, in which a person other than the actor has an interest which the actor has no authority to defeat or impair, even though the actor may also have an interest in the building or property.

---

[5] The Crimes Code defines Chapter 33 as "Arson, Criminal Mischief and Other Property Destruction." **See generally** 18 Pa.C.S. §§ 3301-3313.

18 Pa.C.S. § 3301(j).  Chapter 39[6] of the Crimes Code, which addresses theft and related offenses, also defines "property of another," as well as "property":

> **"Property."** Anything of value, including real estate, tangible and intangible personal property . . . .
>
> **"Property of another."** Includes property in which any person other than the actor has an interest which the actor is not privileged to infringe, regardless of the fact that the actor also has an interest in the property . . . .

18 Pa.C.S. § 3901.

Black's Law Dictionary defines "real property" and "personal property" as follows:

> *real property.*  Land and anything growing on, attached to, or erected on it, excluding anything that may be severed without injury to the land.
>
> *personal property.* **1.** Any movable or intangible thing that is subject to ownership and not classified as real property. . . .

Black's Law Dictionary 1254 (8th ed. 2004).  "Another" is defined as, *inter alia*, "one other than oneself."  Webster's Third International Dictionary 89 (1971).

In ***Fuller v. State***, 230 P.3d 309 (Wyo. 2010),[7] the Wyoming Supreme Court construed the phrase "property of another," which was in

---

[6] Both Chapter 33 and Chapter 39 are categorized under Article C: "Offenses Against Property."  **See generally** 18 Pa.C.S. §§ 3301-4120.

Wyoming's property destruction statute: "A person is guilty of property destruction and defacement if he knowingly defaces, injures or destroys **property of another** without the owner's consent." *Id.* at 310 (quoting Wyo. Stat. Ann. § 6-3-201(a) (2014) (emphasis added)).

In **Fuller**,

> Mr. Fuller and his wife leased a house and garage in Casper, Wyoming. After an argument with his wife, Mr. Fuller drove his pickup through the closed garage door, striking his wife's car inside. He backed up his pickup and then rammed the car again, this time pushing it through the rear wall of the garage. Both the garage and the car were damaged. . . .
>
> Mr. Fuller was charged with the crime of property destruction and defacement for damaging the car and the garage. At the close of the prosecution's case, Mr. Fuller moved for acquittal, asserting that he could not be convicted for damaging the car he owned or the garage he leased. The district court granted the motion as it related to his wife's car because the State failed to prove who owned it. The district court denied the motion as it related to the garage on the basis that, despite Mr. Fuller's lease of the property, the State had offered sufficient evidence that the landlords owned the garage. The jury convicted Mr. Fuller, and after sentencing, he filed this appeal.
>
> \* \* \*
>
> Mr. Fuller focuses on the phrase "property of another," contending that it is ambiguous when applied to property in which a defendant has an ownership interest. Because the lease entitled him to sole possession of the garage at

---

[7] This Court, although not bound by the decisions of our sister states, may adopt their reasoning if we find it persuasive. *See Commonwealth v. Grife*, 664 A.2d 116, 120 (Pa. Super. 1995) (adopting analyses of courts of sister states).

the time it was damaged, Mr. Fuller asserts that the garage could be considered his property as well as "property of another." On this basis, he claims that the statutory language is subject to varying interpretations, and is therefore ambiguous.

*Id.* at 310-11.

The Wyoming Supreme Court disagreed, and held that the phrase "property of another" is unambiguous:

the word "property" means "anything of value whether tangible or intangible, real or personal, public or private." Wyo. Stat. Ann. § 6–1–104(a)(viii). The word "another" is commonly understood to mean "being one more in addition . . . one that is different from the first or present one." Webster's Ninth New Collegiate Dictionary 88 (1991). The garage was "property," the landlords were "another," and they had a property interest in the garage. When Mr. Fuller damaged the leased garage, he destroyed or defaced "property of another." Because the words have a clear and unambiguous meaning, we will give effect to the plain language of the statute.

*Id.* at 311. Thus, the Court affirmed Mr. Fuller's conviction. *Id.* at 312.

Instantly, Section 3304 does not define "real property," "personal property" or "of another." Thus, we resort to construing the plain language of the phrase. *See McCoy*, 962 A.2d at 1166. We hold that in Section 3304, the term "real property" is "land and anything growing on, attached to, or erected on it, excluding anything that may be severed without injury to the land" and the term "personal property" is "any movable or intangible thing subject to ownership and is not real property." *See* Black's Law Dictionary 1254. These definitions are also in accord with the definition of "property" in Section 3301(j), which addresses the property destruction

offense of arson, and Section 3901, which defines theft. **See** 18 Pa.C.S. §§ 3301(j) (defining property as including real or personal property), 3901 (describing property as real estate and tangible personal property); **accord Fuller**, 230 P.3d at 311. It follows that our definition of "real property" encompasses the instant damaged items of two windows, kitchen cabinet, and back door. **See** Black's Law Dictionary 1254; **cf.** 18 Pa.C.S. §§ 3301(j), 3901.

We next ascertain whether the damaged property is "property of another." We hold that "another," as used in Section 3304, is commonly defined as "one other than oneself." **See** Webster's Third International Dictionary 89 (1971); **accord Fuller**, 230 P.3d at 312. Similar to the landlord in **Fuller**, Mr. Wool owns the instant home and the fixtures within. **See** N.T. at 7, 15-16; **cf. Fuller**, 230 P.3d at 311. Mr. Wool, therefore, has a property interest. **See Fuller**, 230 P.3d at 311. Thus, it follows that because Mr. Wool has a property interest, the damaged property is "property of another." **Cf.** 18 Pa.C.S. § 3301 (defining "property of another" as including real or personal property that actor and person other than actor has an interest), 3901 (defining "property of another" as encompassing personal or real property in which non-actor and actor has an interest); **Fuller**, 230 P.3d at 311 (holding landlords had interest in property tenant leased and thus, property was "property of another" under Wyoming statute criminalizing property destruction). Because the Commonwealth established

that Mr. Wool had an interest in the damaged property, we perceive no error of law in Appellant's conviction for criminal mischief and thus affirm the judgment of sentence.  ***See Ratsamy***, 934 A.2d at 1235.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/2014